J-S08016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC COFFIELD | |
| Appellant | No. 1518 EDA 2014 |

Appeal from the PCRA Order of April 22, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-027251-1991

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                          **FILED MARCH 09, 2015**

Eric Coffield appeals the April 22, 2014 order denying relief upon Coffield's petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541, *et seq*.  We conclude that the PCRA court correctly determined that Coffield's petition was filed outside the PCRA's time limit, leaving the PCRA court without jurisdiction to address the substantive allegations contained in that petition.  We affirm.

In light of our disposition, we need not embellish the following brief account of the factual history underlying this case, which we provided on another occasion when Coffield appeared before this Court:

> Coffield's conviction arose out of an incident that occurred on January 4, 1991.  Coffield was observed by Philadelphia police officers operating a stolen vehicle at a high rate of speed along Roosevelt Boulevard in Philadelphia, Pennsylvania.  While attempting to elude the police, Coffield drove recklessly and in excess of 100 miles per hour.  Meanwhile, the passengers in the stolen vehicle, who were also involved in the theft of the

automobile, pleaded with Coffield to slow down and stop the car. He ignored their requests and told them to shut up. Coffield eventually lost control of the car and crashed into two trees killing the front seat passenger and seriously injuring the two back seat passengers.

On September 17, 1991, Coffield was found guilty, after a bench trial, of murder in the third degree, [18 Pa.C.S. § 2502(c),] two (2) counts each of simple assault[, 18 Pa.C.S. § 2701(a),] and aggravated assault[, 18 Pa.C.S. § 2702(a)], and one (1) count each of theft [by unlawful taking, 18 Pa.C.S. § 3921(a),] and receiving stolen property[, 18 Pa.C.S. § 3925(a)]. Post-trial motions were filed, new counsel was appointed[,] and supplemental post-trial motions then were filed. On March 4, 1993, the post-trial motions were denied and Coffield was sentenced to not less than ten (10) nor more than twenty (20) years for his murder conviction. He also received consecutive sentences of not less than ten (10) nor more than twenty (20) years for each aggravated assault conviction. Furthermore a consecutive sentence of not less than two and one[ ]half (2 ½) nor more than five (5) years was imposed for the theft conviction.[1] The aggregate sentence imposed was not less than thirty-two and one half (32 ½) nor more than sixty-five (65) years' imprisonment.

---

1 The sentence for receiving stolen property was suspended.

Coffield filed a motion for modification of sentence that was subsequently denied. Thereafter, he filed an appeal with this Court alleging, among other things, that the trial court abused its discretion by imposing sentences on the aggravated assault[] and theft convictions outside the sentencing guidelines without stating the applicable sentencing ranges and the reasons for the deviation. This Court found that the trial court failed to state the applicable sentencing ranges, the prior record scores, and the reasons for deviating from the sentencing guideline ranges. Consequently, this Court vacated the judgment of sentence with respect to the aggravated assaults and the theft convictions and remanded for re-sentencing. *Commonwealth v. Coffield*, 641 A.2d 1220 (Pa. Super. 1993) (No. 944 Philadelphia 1993, unpublished memorandum, filed 12/28/93). On January 21, 1994, Coffield filed a petition for allowance of appeal with the

Supreme Court that was subsequently denied on September 12, 1994. ***Commonwealth v. Coffield***, 542 Pa. 657, 668 A.2d 1122 (1994) (No. 51 E.D. Allocatur Docket 1994, 9/12/94).

***Commonwealth v. Coffield***, 2409 Phila. 1997, slip op. at 1-3 (Pa. Super. Dec. 7, 1998) (unpublished memorandum).

On June 6, 1997, the trial court convened a re-sentencing hearing. At that hearing, Coffield addressed the court. The trial court acknowledged, but was unimpressed by, Coffield's expression of remorse. After reviewing the applicable sentencing guidelines, and after underscoring the egregiousness of Coffield's conduct and its tragic results, the trial court imposed the same sentence that it imposed in the first sentencing proceeding. Coffield appealed. In a memorandum entered on December 7, 1998, this Court affirmed Coffield's judgment of sentence. ***Id.*** Our Supreme Court denied allowance of appeal on May 25, 1999. ***Commonwealth v. Coffield***, 739 A.2d 540 (Pa. 1999) (*per curiam*).

On September 20, 1999, Coffield filed his first PCRA petition. Appointed counsel filed an amended petition. The PCRA court denied relief on September 18, 2001, and Coffield filed no appeal. On February 4, 2002, Coffield filed a second PCRA petition. On May 30, 2003, the PCRA court dismissed Coffield's petition as untimely. Coffield appealed and we affirmed. ***Commonwealth v. Coffield***, 1880 EDA 2003 (Pa. Super. Feb. 18, 2004) (unpublished judgment order). Therein, we noted that Coffield's judgment of sentence became final for purposes of the PCRA's time limit on August 23, 1999. ***Id.*** slip op. at 2. Because Coffield had not filed his PCRA petition by

August 23, 2000, one year after his judgment of sentence became final, and failed successfully to invoke one of the statutory exceptions to the PCRA court's one-year time limit, we affirmed the PCRA court's determination that his petition was untimely. *Id.* Coffield filed a petition for allowance of appeal with our Supreme Court, which denied review on August 5, 2004. *Commonwealth v. Coffield*, 856 A.2d 831 (Pa. 2004) (*per curiam*).

Coffield filed the instant PCRA petition, his third, on July 7, 2011. Counsel was appointed and filed an amended PCRA petition, a motion for PCRA discovery, and a Motion for funds to hire an investigator. PCRA Court Opinion ("P.C.O."), 9/23/2014, at 3. The PCRA court held hearings on February 28 and again on April 11, 2014. During the interim, the court filed its notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. On March 18, 2014, Coffield filed a response to the PCRA court's Rule 907 notice. On April 22, 2014, following the April 11, 2014 hearing, the PCRA court dismissed the petition as untimely under the PCRA's time limits.[1]

On May 15, 2014, Coffield timely filed a notice of appeal from the PCRA court's order. On July 10, 2014, the PCRA court entered an order directing Coffield to file a concise statement of the errors complained of on

_____

[1] Coffield spends a great deal of time disputing what it treats as the PCRA court's findings regarding the merits of the substantive issues raised in the instant petition. However, on a fair reading of its opinion, it is clear that the PCRA court touched upon those arguments only insofar as they informed the timeliness inquiry.

- 4 -

appeal pursuant to Pa.R.A.P. 1925(b). Coffield timely complied,[2] and the PCRA court filed its Rule 1925(a) opinion on September 23, 2014, ripening this case for our review.

In dismissing Coffield's third PCRA petition as untimely, the PCRA court necessarily determined that it lacked jurisdiction to review the claims set forth in that petition. *See Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011). Consequently, we must begin by reviewing the jurisdictional question.[3]

It is well-established that the PCRA time limits are jurisdictional, and must be strictly construed, regardless of the potential merit of the claims asserted. *Leggett*, 16 A.3d at 1145 (Pa. Super. 2011); *Commonwealth v. Murray*, 753 A.2d 201, 202-03 (Pa. 2000), *abrogated on other grounds*, 943 A.2d 264 (Pa. 2008). "[N]o court may properly disregard or alter [these filing requirements] in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Murray*, 753 A.2d

---

[2]     About this statement, the PCRA court observed that the statement was "anything but terse. In fact, it's more akin to a full-on, florid appellate brief—and an improper one at that." P.C.O. at 4 n.2. The court went on to note that the statement spans eleven unnumbered and single-spaced pages in a small font.

[3]     We review a PCRA court's ruling to determine whether it is supported by the evidence of record and is free of legal error. *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011).

at 203; *see **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000).

Despite facial untimeliness, a tardy PCRA petition nonetheless will be considered timely if (but only if) the petitioner pleads and proves one of the three exceptions to the one-year time limit enumerated in subsection 9545(b) of the PCRA, which provides as follows:

(1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b).

When an appellant files a facially untimely petition under the PCRA, and fails to plead and prove one or more of the exceptions to the PCRA's one-year jurisdictional time limit, the petition is untimely and we must deny

the appellant relief. *Gamboa-Taylor*, 753 A.2d at 783. Moreover, as reflected in the plain language of section 9545, even when one of the exceptions may apply to a given petition, it will excuse the untimeliness only if the petition was filed within sixty days of the date that the conditions underlying the exception came to light. *Id.* at 784.

Coffield's brief contains no statement of the questions involved, as required by Pa.R.A.P. 2116. In lieu of such a statement, we accept as exhausting all issues properly argued the following statement that introduces the argument section of Coffield's brief:

> Coffield's case, at this point, is about three things: (1) trial counsel's objectively unreasonable advice to Coffield to reject the Commonwealth's 7 1/2 to 15[-]year plea deal and appellate counsel's objectively unreasonable decision not to challenge trial counsel's decision-making on direct appeal; (2) initial-review PCRA counsel's pathetic representation of Coffield and his inexcusable abandonment of Coffield once the PCRA court dismissed his first (timely) PCRA petition; and (3) the recognition that, in order for PCRA petitioners to have a fair opportunity to vindicate their Sixth Amendment right to effective trial counsel and Due Process right to effective appellate counsel, this Court must raise the bar as to what's expected from initial-review PCRA counsel.

Brief for Coffield at 23. Coffield admits the untimeliness of his petition and that none of the subsection 9545(b) exceptions apply to rectify that jurisdictional flaw. *See* Brief for Coffield at 20-21; P.C.O. at 6 ("Here, [Coffield] concedes that his petition is untimely, and at the hearings below, admitted that no exception applies." (emphasis in original)).

In an effort to avoid the consequences of this untimeliness, Coffield

frames what he styles an as-applied challenge to the constitutionality of the

PCRA's one-year time limit under the circumstances of this case:

> Coffield's third PCRA petition is untimely, but the PCRA's one-year limitations period and exceptions to the limitations period are not applicable because his initial-review PCRA proceedings were fundamentally unfair[,] violating his state and federal constitutional right to a fundamentally fair PCRA proceeding and effective assistance of initial-review PCRA counsel.
>
> First, Coffield's first PCRA petition was timely and, although inartfully pled, it contained the meritorious trial and appellate counsel ineffectiveness claims discussed *supra*. It also contained other claims requiring investigation . . . .
>
> Second, although initial-review PCRA counsel, Steve Laver, filed an amended petition, the amended petition simply restated, nearly verbatim, the claims Coffield raised in his *pro se* petition; in other words, Laver did not (1) thoroughly or meaningfully "explore" the legal issues raised by Coffield, (2) attempt to develop facts to meaningfully and adequately determine the merits of Coffield's legal claims, or (3) coherently present, in a persuasive narrative, the facts supporting Coffield's legal claims.
>
> Third, after the PCRA court dismissed Coffield's first timely petition, Laver abandoned Coffield and did not perfect his appeal; likewise, Laver never filed a formal motion to withdraw . . . .

Brief for Coffield at 30-31.

In support of his "as applied" constitutional challenge, Coffield relies

upon *Commonwealth v. Bennett*, 930 A.2d 1264, 1273 (Pa. 2007), and

*Commonwealth v. Brown*, 943 A.2d 264 (Pa. 2008). However, neither

*Bennett* nor *Brown* is of any benefit to Coffield's argument. In *Bennett*,

our Supreme Court recognized that counsel constructively abandons a

- 8 -

defendant when he fails to file a requested appeal, and that such abandonment is *per se* prejudicial for purposes of evaluating the constitutional effectiveness of counsel. ***See*** 930 A.2d at 1273. Critically, though, the Court's grant of relief in ***Bennett*** depended in part on what it found to be Bennett's diligence under the circumstances of that case; the Court emphasized that a petitioner bears the burden of establishing "that the [after-discovered] facts were 'unknown' to him and that he could not uncover them with the exercise of 'due diligence.'" ***Id.*** at 1274. Thus, ***Bennett*** did not suggest that circumstances such as those presented in this case somehow relieved the petitioner of the PCRA's strictures generally.

Coffield cites ***Brown*** for the general proposition that our Supreme Court "has recognized the potential availability of an as-applied constitutional challenge to the application of the PCRA's time restriction." ***See Brown***, 943 A.2d at 268 n.4 (citing ***Bennett***, *supra*; ***Commonwealth v. Abu-Salaam***, 812 A.2d 497, 501 (Pa. 2002)). However, the ***Brown*** Court did not address the application of that principle to the case then at bar because the petitioner had failed to present any argument to that effect. ***Id.***

In ***Abu-Salaam***, the Court did not grant relief on such an as-applied constitutional challenge outside the PCRA's requirements. Reinforcing this fact, the Court expressly based its lengthy analysis upon the new constitutional rule exception to the PCRA rather than leaving the confines of the PCRA entirely for purposes of the constitutional argument presented. 812 A.2d at 499-502. As in ***Bennett*** and ***Brown***, nothing in ***Abu-Salaam***

established any basis for evaluating the constitutional claims raised therein without regard for the PCRA's jurisdictional requirements.

Later in his brief, Coffield mounts an impressive recitation of general constitutional requirements for the performance of trial, appellate, and collateral relief counsel. Brief for Coffield at 31-34. None of these cases vitiates the application of the PCRA generally or of the due diligence requirement specifically to establish an entitlement to relief based upon a facially untimely petition pursuant to the after-discovered fact exception. Furthermore, Coffield offers no nexus between the principles articulated in the many federal and Pennsylvania precedents he cites and the facts of his case to establish that this case falls outside the ambit of the PCRA and is excused from the jurisdictional requirements associated with Pennsylvania's framework for collateral relief under the PCRA.

In circumstances materially similar to those presented in the instant case, this Court held that the petitioner is not relieved of the obligation to plead the alleged violation within sixty days of its discovery, as required generally by PCRA subsection 9545(b)(2):

> In his counseled PCRA petition, Appellant sought an equitable exception to the time-bar based upon prior appeal counsel's failure to file an appellate brief. Specifically, Appellant contended that he asked his attorney to file an appellate brief from the denial of his first PCRA petition, the attorney assured him he would file the brief, the attorney did not file the brief, and thereafter, this Court dismissed Appellant's appeal. In **Bennett**, *supra*, the Supreme Court recently held that such a claim falls within the ambit of Subsection 9545(b)(1)(ii)'s exception [*i.e.*, after-discovered facts] since "the facts upon

- 10 -

which the claim is predicated could not have been ascertained by the exercise of due diligence." However, in ***Bennett***, the Supreme Court also reiterated that, before a petitioner may benefit from Subsection 9545(b)(1)(ii)'s exception, the petitioner must plead [that] he filed his PCRA petition within sixty days of the date it could have been presented; that is, he must plead [that] he filed the petition within sixty days of when he discovered this Court dismissed his first PCRA appeal. ***Id.*** at 1272 n.11.

***Commonwealth v. Geer***, 936 A.2d 1075, 1077-78 (Pa. Super. 2007) (citations modified; footnotes omitted). In ***Geer***, because the appellant did not allege that he presented his claim within sixty days of when he discovered it, we found that he did not qualify for the after-discovered fact exception. Consequently, the petition was untimely and no relief was due.

Here, Coffield simply does not plead that he filed his third PCRA petition within sixty days of discovering that first PCRA counsel improperly failed to file a requested appeal, nor could he do so credibly. The PCRA court denied Coffield's first PCRA petition on September 18, 2001. Coffield filed his third petition nearly ten years later, on July 7, 2011. Even if there was no intervening procedural history, it would entirely beggar belief that he did not learn until over nine years after the denial of his first PCRA petition that counsel had failed to file a requested appeal from the denial of that petition. Moreover, on February 4, 2002, in the interim, Coffield filed a **second** PCRA petition. Therein, he expressly raised the issue of first PCRA counsel's failure to file an appeal. ***See, e.g.***, Response to Notice of Intent to Dismiss Under Pa.R.Crim.P. 907 or Alternatively, Amended Post-Conviction Petition with Consolidated Memorandum of Law, 1/21/2003, at 3 ¶¶11-13.

Thus, Coffield plainly was aware of that alleged failure in early 2002, if not much earlier. Consequently, he does not qualify for the after-discovered fact exception to the PCRA's timeliness requirements, and the PCRA court correctly concluded that it lacked jurisdiction over the instant petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015