J-S46028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS DUANE TAYLOR, | |
| Appellant | No. 3450 EDA 2014 |

Appeal from the PCRA Order of October 27, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004477-2004

BEFORE:  MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 25, 2015**

Appellant, Thomas D. Taylor, appeals *pro se* from the order entered on October 27, 2014, dismissing his writ of *habeas corpus* as untimely under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the facts of this case as follows:

> A jury found Appellant guilty of attempted homicide, aggravated assault, and persons not to possess a firearm, after he shot his girlfriend in the head with a .22 caliber rifle. The trial court sentenced Appellant to eighteen to thirty-six years['] imprisonment on September 26, 2005, on the attempted homicide charge. The court also imposed a concurrent sentence of one and one-half to three years for the persons not to possess a firearm conviction. Appellant filed a timely direct appeal and a panel of this Court affirmed. ***Commonwealth v. Taylor***, 919 A.2d 977 (Pa. Super. 2007) (unpublished memorandum).  Our Supreme

Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Taylor***, 931 A.2d 658 (Pa. 2007).

While Appellant's direct appeal was pending, Appellant filed a writ of *habeas corpus.* The court treated the filing as a PCRA petition and appointed counsel. Counsel filed an amended petition, the court held a hearing and dismissed the petition. However, after the court discovered that Appellant's direct appeal was not complete, it promptly rescinded its order denying Appellant's PCRA petition. ***See Commonwealth v. Leslie***, 757 A.2d 984 (Pa. Super. 2000). Appellant, nonetheless, appealed. This Court affirmed the order rescinding the dismissal of Appellant's premature PCRA petition without prejudice to Appellant's ability to file a timely petition. ***Commonwealth v. Taylor***, 959 A.2d 469 (Pa. Super. 2008) (unpublished memorandum).

After the completion of Appellant's direct appeal, Appellant filed another *pro se* writ of *habeas corpus.* The court again treated the filing as a PCRA petition and appointed counsel, who submitted an amended petition. Following a hearing where no evidence was presented, the court dismissed the petition. Appellant appealed, and this Court affirmed. ***Commonwealth v. Taylor***, 990 A.2d 55 (Pa. Super. 2009) (unpublished memorandum). Thereafter, Appellant filed a series of post-conviction motions, which the court denied. No appeals were pursued on those filings. Instead, on December 7, 2011, Appellant filed [another] writ of *habeas corpus.* The court treated the *habeas corpus* motion as a motion to modify sentence under Pa.R.Crim.P. 720 rather than a PCRA petition. On December 14, 2011, the court dismissed the *habeas corpus* motion as an untimely post-sentence motion.

***Commonwealth v. Taylor***, 65 A.3d 462, 464 (Pa. Super. 2013). Viewing Appellant's December 7, 2011 *habeas corpus* motion as a petition for collateral relief under the PCRA, this Court affirmed the dismissal of Appellant's filing as untimely. ***Id.***

Most recently, on October 8, 2014, Appellant filed a *pro se* writ of *habeas corpus*, alleging that his sentence was illegal because of errors contained in his presentence investigation (PSI) report that the trial court, in turn, erroneously relied upon in imposing his sentence. The trial court treated the filing as a PCRA petition and denied the petition as untimely after determining Appellant failed to invoke an exception to the one-year jurisdictional time-bar imposed under the PCRA. Moreover, the PCRA court observed that Appellant previously presented this precise claim in his last PCRA petition and, thus, it "would appear that [Appellant] is again arguing that the information contained in the presentence report utilized during sentencing was incorrect." Order, 10/9/14, at 4. This timely appeal ensued.[1]

On appeal, Appellant presents the following issues, *pro se*, for our review:

_____

[1] The trial court entered the order at issue on October 27, 2014. Appellant was required to file a notice of appeal by Monday, December 1, 2014, because the court was closed for Thanksgiving on Thursday, November 27, 2014 and Friday, November 28, 2014. **See** Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken); 1 Pa.C.S.A. § 1908 (whenever the last day of the appeal falls on a weekend or legal holiday, such day shall be omitted from the computation of time). Appellant dated his notice of appeal November 23, 2014. However, the notice of appeal bears the date stamp from the trial court clerk of December 2, 2014. Under the prison mailbox rule, "appeals [are] deemed filed on the date that the prisoner deposits the appeal with prison authorities, or places it in a prison mailbox." **Commonwealth v. Little**, 716 A.2d 1287, 1288 (Pa. Super. 1998). Thus, we deem it timely.

- 3 -

1) Whether or not the sentencing court in Appellant[']s case used an erroneous/unconstitutional PSI-report as its sole means by which it administered its sentence, whereby invalidating the entire sentencing process, in violation of both the state and federal constitutions?

2) Does the PCRA statute provide for a remedy for challenges to the procedure employed to administer a criminal sentence, when said issue is not only a matter of first impression in the appell[ate] courts, but also not contained in any statutory language within the framework of the state PCRA?

Appellant's Brief at 3 (unpaginated).

Because Appellant's second claim is addressed to whether his claims come within the scope of the PCRA, an inquiry that has a direct implication on whether the PCRA's jurisdictional timeliness requirements apply, we examine Appellant's second issue first. Appellant, here, claims that the PCRA does not provide a basis for relief for his claim that the trial court imposed an illegal sentence based upon an erroneous PSI report; thus, Appellant asserts he properly filed a petition for *habeas corpus*. **Id.** at 9-10. More specifically, Appellant claims that the PSI report "added an extra charge of 18 Pa.C.S.A. [§] 2502 attempt[ed] murder with serious bodily injury, which caused him to be illegally sentenced 16 years beyond the statutory maximum." **Id.** at 6, *citing* 18 Pa.C.S.A. § 1102(c).

"Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*." **Commonwealth v. Taylor**, 65 A.3d 462, 465-466 (Pa. Super. 2013). This Court has previously determined:

> The PCRA provides the sole means for obtaining collateral review of a judgment of sentence. **Commonwealth v. Fowler***,* 930 A.2d 586, 591 (Pa. Super. 2007), *appeal denied,* 596 Pa. 715, 944 A.2d 756 (2008); 42 Pa.C.S.A. § 9542. A court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. **Id.** at 592. Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. **Fowler***, **supra**.* Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson***,* 837 A.2d 1157 (Pa. 2003). Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA. **Commonwealth v. Wojtaszek***,* 951 A.2d 1169, 1173 n.9 (Pa. Super. 2008).

**Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa. Super. 2013) (quotations, brackets, and parentheticals omitted).

"An illegal sentence is one that exceeds the statutory limits." **Commonwealth v. Bradley**, 834 A.2d 1127, 1131 (Pa. 2003). A maximum sentence for attempted murder is 20 years of imprisonment in the absence of notice and a jury finding that the defendant inflicted serious bodily injury. **Commonwealth v. Johnson**, 910 A.2d 60, 66-68 (Pa. Super. 2006). Here, Appellant claims that the jury did not find him guilty of attempted murder – serious bodily injury and that the trial court, therefore, sentenced him above the statutory maximum. Thus, Appellant challenges the legality of his sentence. Illegal sentencing claims are "always subject to review within the PCRA." **Infante**, 63 A.3d at 365. Accordingly, the trial court properly treated Appellant's *habeas corpus* petition as a PCRA petition.

Since the PCRA court was required to treat Appellant's *habeas corpus* filing as a PCRA petition, it follows that the PCRA court needed jurisdiction to reach the merits of Appellant's claim. This Court has previously determined:

> The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. An untimely petition renders this Court without jurisdiction to afford relief. A petition for relief under the PCRA must be filed within one year of the date the PCRA petitioner's judgment of sentence becomes final unless the petitioner alleges and proves that an exception to the one-year time-bar is met.

**Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted). A court may not disregard the time limits of the PCRA to reach the merits of a petition. **Commonwealth v. Geer**, 936 A.2d 1075, 1077 (Pa. Super. 2007).

A judgment of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). Herein, Appellant's judgment of sentence became final on November 25, 2007. Hence, Appellant's petition filed on October 8, 2014 is patently untimely.

A petition still may be considered if it fits within one of three exceptions to the PCRA's timeliness requirements as set forth at 42 Pa.C.S.A. § 9545(b)(1). However, Appellant has steadfastly maintained that his claim fails outside the parameters of the PCRA and he specifically

disavows any exception to the PCRA's timing requirements applies. ***See*** Appellant's Brief at 10. Since the Appellant's petition was untimely and no exception applies, the PCRA court lacked jurisdiction to entertain Appellant's claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/25/2015