J-S44028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELDON CHICK | |
| Appellant | No. 2381 EDA 2015 |

Appeal from the PCRA Order entered July 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0403371-2005

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                     **FILED AUGUST 24, 2016**

Appellant, Eldon Chick, appeals from the July 16, 2015 order entered in the Court of Common Pleas of Philadelphia County, denying as untimely his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Following review, we affirm.

The facts as gleaned from the record reveal that Appellant was arrested on February 13, 2005 when officers responding to a report of a domestic disturbance stopped Appellant's vehicle and noticed a rifle and silver handgun in the car.  Appellant was charged with various violations of the firearms act ("VUFA"), including persons not to possess, carrying

firearms without a license ("VUFA 6106"), and carrying firearms on the public streets of Philadelphia.[1]

Subsequent examination of Appellant's handgun by the Firearms Identification Unit of the Philadelphia Police Department determined that the gun matched a bullet recovered on December 29, 2004 at Temple University Hospital from the pelvic bone of Terry Flores ("Flores"). On February 25, 2005, Appellant was charged at a separate criminal docket number with attempted murder, aggravated assault, VUFA 6106, and possession of an instrument of crime ("PIC") in relation to the December 29, 2004 shooting of Flores ("the Flores prosecution").[2]

With regard to the VUFA charges stemming from the February 2005 traffic stop, Appellant appeared for a non-jury trial on November 10, 2005 and was found guilty of all charges. On February 16, 2006, he was sentenced to 11-1/2 to 23 months in prison plus three years' probation as a person not to possess. No additional sentence was imposed for the remaining charges. Appellant filed a PCRA petition, which was dismissed on October 22, 2009. In May 2010, Appellant filed a second PCRA petition seeking leave to appeal *nunc pro tunc*. By order entered May 20, 2011, the PCRA court denied Appellant's petition. Appellant filed a *pro se* appeal

---

[1] 18 Pa.C.S.A. §§ 6105, 6106, and 6108, respectively.

[2] 18 Pa.C.S.A. §§ 901(a), 2502, 2702, 6106, and 907, respectively.

docketed at 1684 EDA 2011, but later sought to discontinue the appeal by filing an application for discontinuance. In his application, Appellant acknowledged his "ineffectiveness claims are not sufficient to warrant reversal of the instant conviction. Based upon this conclusion, Appellant has decided to proceed to federal habeas corpus review of his Fourth Amendment challenge to the warrantless stop and search of his vehicle by Philadelphia Police." Application to Discontinue Appeal, 8/3/11, at 1. By Order entered August 29, 2011, this Court granted the application and dismissed the appeal.

With respect to the Flores prosecution, a jury trial was held from September 14 through 20, 2006. On September 20, the jury found Appellant guilty of aggravated assault, VUFA 6106, and PIC. The court imposed consecutive state sentences totaling 130 to 300 months in prison, including 23 to 60 months for VUFA 6106. In June 2007, Appellant filed a *pro se* PCRA petition that resulted in restoration of his direct appeal rights *nunc pro tunc*. This Court affirmed Appellant's judgment of sentence on August 17, 2009. Our Supreme Court denied his petition for allowance of appeal on February 2, 2010.

More than eighteen months later, on August 22, 2011, Appellant filed a *pro se* PCRA petition alleging ineffectiveness of counsel for failing to seek dismissal of the VUFA 6106 charge in the Flores prosecution, claiming his second VUFA 6106 conviction resulted in a violation of the double jeopardy

clause of the U.S. Constitution and 18 Pa.C.S.A. § 110(1)(ii).[3] Counsel was appointed on July 25, 2012 and filed an amended petition on December 3, 2013, again alleging trial counsel was ineffective for failing to file a motion to dismiss Appellant's VUFA 6106 charge. Appellant further argued his petition was timely because direct appeal counsel failed to advise him of the Supreme Court's denial of his petition for allowance of appeal. He claimed he filed his PCRA petition with 60 days of learning of the Supreme Court's action.

On October 9, 2014, the Commonwealth filed a motion to dismiss the petition. On June 12, 2015, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907, advising Appellant of the court's intent to dismiss the

_____

[3] 18 Pa.C.S.A. § 110(1)(ii) provides, in relevant part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in . . . a conviction . . . and the subsequent prosecution is for:

. . . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

petition as untimely and lacking merit.  Appellant did not file a response.  By order entered July 16, 2015, the PCRA court dismissed Appellant's petition as untimely and lacking merit "after independent review of [Appellant's] *pro se* petition, PCRA counsel's amended petition, and the Commonwealth's motion to dismiss."  PCRA Court Rule 1925(a) Opinion, 10/29/15, at 3.  This timely appeal followed.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In this appeal, Appellant presents two issues for our review:

I.  Whether the [J]udge was in error in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

II.  Whether the Judge was in error in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's Brief at 8.  In his Rule 1925(b) statement, Appellant presented two subparts to his second issue, *i.e.*, that trial counsel was ineffective for failing to file a motion to dismiss the firearm charge [in the Flores prosecution] and that the PCRA petition was timely filed.

In **Commonwealth v. Johnston**, 42 A.3d 1120 (Pa. Super. 2012), this Court reiterated:

> [T]he standard of review for review of an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 592 Pa. 217, 923 A.2d 1169, 1170 (2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

*Id.* at 1126.

As this Court explained in *Johnston*:

As a threshold jurisdictional matter, however, the timeliness of the PCRA petition must be addressed. 42 Pa.C.S. § 9545(b) sets forth the time limitations for filing of a PCRA petition as follows:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2).

Petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements.

- 6 -

> ***Commonwealth v. Perrin***, 947 A.2d 1284 (Pa. Super. 2008); ***Commonwealth v. Geer***, 936 A.2d 1075, 1078–1079 (Pa. Super. 2007). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Perrin***, 947 A.2d at 1285.

***Id. See also Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1267-68 (Pa. 2008) ("The PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed.").

The Supreme Court denied Appellant's petition for allowance of appeal on February 12, 2010. Therefore, his judgment of sentence became final 90 days later, on May 13, 2010, the deadline for filing a writ of certiorari with the United States Supreme Court. U.S.Sup.Ct. Rule 13. In accordance with § 9545(b)(1) and absent any applicable exception, Appellant's deadline for filing his PCRA petition was May 13, 2011. Appellant filed his petition on August 22, 2011, more than three months beyond the deadline.

Appellant argues that his petition is saved from the PCRA's time bar by a "newly discovered fact" qualifying as an exception under § 9545(b)(1)(ii). He asserts that neither his direct appeal counsel nor the Supreme Court advised him that his petition for allowance of appeal was denied on February 12, 2010. He contends he wrote to the Supreme Court Prothonotary inquiring about the status of his petition and, in response, received a letter dated July 5, 2011 with a copy of the docket reflecting the February 2010

denial of the petition. He complains that his counsel's failure to notify him of the denial constitutes "abandonment." Appellant's Brief at 27 (citing **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007)). He suggests that his August 22, 2011 PCRA petition was filed within 60 days of learning of the "newly discovered fact" of the Supreme Court's denial of his petition for allowance of appeal, satisfying the requirement of § 9545(b)(2). We cannot agree. As the PCRA recognized:

> [Appellant's] reliance upon **Bennett** is misplaced and his claim is without merit. Unlike the petitioner in **Bennett**, who promptly wrote to the PCRA court and the Superior Court but did not find out that his appeal had been dismissed until two months afterwards, [Appellant] did not exercise due diligence in ascertaining the status of the appeal. In the instant case, [Appellant] offered no evidence that he promptly wrote to appellate counsel, the Supreme Court Prothonotary or anyone else about the status of his appeal and, tellingly, he did not learn about the denial of his appeal until July 5, 2011, more than 15 months after it was denied. Thus, [Appellant] did not exercise due diligence in ascertaining the status of his appeal and therefore his belated discovery that his appeal had been denied cannot now constitute a newly-discovered fact which would allow him to avoid the time-bar. Consequently, [Appellant's] petition was properly dismissed as untimely.

PCRA Court Rule 1925(a) Opinion, 10/29/15, at 8-9.

Appellant also suggests that if his "newly discovered evidence" argument is unavailing, his petition is saved under an exception to the timeliness requirement. Appellant's Brief at 29. Appellant then identifies the three exceptions provided in § 9545(b)(1)(i)-(iii) and correctly acknowledges that the PCRA places the burden upon Appellant to plead and prove an exception. **Id.** However, Appellant has not indicated which

- 8 -

timeliness exception might apply nor does he offer any argument in support of proving any exception. Appellant's alternate "theory" does not save his untimely petition from the PCRA's time bar.

Because Appellant's PCRA petition was untimely filed and because Appellant has failed to prove that it is saved by any exception to the PCRA's time bar, we have no jurisdiction to consider the merits, if any, of his petition.[4]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2016

---

[4] Even if Appellant proved an exception to the PCRA's time bar, we would not disturb the PCRA court's determination that he was not entitled to relief. As the PCRA court recognized, the VUFA 6106 charge in the Flores prosecution was not based on the same criminal conduct or episode as the VUFA 6106 charge stemming from the traffic stop. *See* PCRA Court Rule 1925(a) Opinion at 7-10 (citing **Commonwealth v. Miskovitch**, 64 A.3d 672, 685 (Pa. Super. 2013) (examining 18 Pa.C.S.A. § 110 and explaining that for a subsequent prosecution to be barred on double jeopardy grounds, all four prongs of applicable test must be met, including that the "current prosecution was based on the same criminal conduct or arose from the same criminal episode").