J-S70002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| DAVID CARMICHAEL | | |
| Appellant | | No. 484 EDA 2016 |

Appeal from the PCRA Order January 13, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0004515-2005

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 05, 2016**

Appellant, David Carmichael, appeals *pro se* from an order entered on January 13, 2016 that denied as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A §§ 9541-9546.  We affirm.

We quote the PCRA court's summary of the factual and procedural history in this case.

> On July 10, 2006, Appellant pleaded guilty to two (2) [c]ounts each of [m]urder,[1] [m]urder of the [s]econd [d]egree,[2] [r]obbery – [i]nfliction of [s]erious [b]odily [i]njury,[3] and other related offenses in connection with the May 12, 2005 deaths of Wayne and Carol Denno.  On July 20, 2006, th[e trial c]ourt[[]]

---

[1] 18 Pa.C.S.A. § 2502.

[2] 18 Pa.C.S.A. § 2502(b).

[3] 18 Pa.C.S.A. § 3701(a)(1)(i).

sentenced Appellant to a term of life imprisonment with a consecutive term of not less than five (5) years, nor more than ten (10) years, imprisonment with a consecutive term of not less than five (5) years, nor more than ten (10) years, imprisonment in a state correctional institution. Appellant filed no timely direct appeal.

On April 23, 2007, Appellant filed a PCRA [p]etition[.] After a hearing on September 5, 2007, Appellant sought and was granted permission to withdraw his [p]etition.

On September 2, 2015, Appellant filed the present PCRA [p]etition, his second, with th[e c]ourt.[4] On November 16, 2015, [the PCRA court] issued a [n]otice of [i]ntent to [d]ismiss, to which Appellant responded on December 10, 2015. Upon consideration of Appellant's PCRA [p]etition and his response to [the] [n]otice of [i]ntent to [d]ismiss, th[e c]ourt denied Appellant's [p]etition without a hearing on January 13, 2016. Appellant subsequently filed a timely [n]otice of [a]ppeal to [this Court] on February 3, 2016. [Both Appellant and the PCRA court have complied with the requirements of Pa.R.A.P. 1925.]

PCRA Court Opinion, 4/6/16, at 1-2 (footnotes in original).

Appellant raises the following issues for our consideration:

Whether the PCRA court erred in denying without a hearing the claim that [Appellant] is serving an illegal sentence in that it lacks constitutional authority and violates [Appellant's] right to equal protection of the law?

_____

[4] On August 14, 2015, Appellant filed a notice with [the PCRA court] asserting newly discovered evidence arising from the decision in [] ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015). Appellant subsequently filed a third PCRA [petition] on September 14, 2015 on the basis of the issues that he raised in his August filing[.] The issues presented in Appellant's third PCRA [p]etition differ from those raised in the instant matter, and as such, they were not considered as an amendment to the current [p]etition. [The PCRA court] issued a [n]otice of [i]ntent to [d]ismiss Appellant's third [p]etition on April 5, 2016, and that matter is being decided independently from Appellant's instant [p]etition.

> Whether the PCRA court erred in denying without a hearing [Appellant's] petition based upon findings of facts, deliberately misstated, and errors [in] the order of dismissal, which are not supported by the record?
>
> Whether the PCRA court abused [its] discretion by denying [Appellant's] petition without a hearing for reasons that are insufficient on their face?

Appellant's Brief at 3.

Appellant's judgment of sentence became final on August 18, 2006; thus, his September 2, 2015 petition was patently untimely. Appellant, however, asserts that the PCRA court had jurisdiction over the petition under the newly-recognized constitutional right exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii). Specifically, Appellant theorizes that the Commonwealth is violating his right to equal protection in denying him parole, which is available to similarly situated citizens in other states. Appellant relies upon the United States Supreme Court's decision in **Obergefell v. Hodges**, 135 S.Ct. 2584 (2015) in asserting this claim.

The PCRA court rejected Appellant's argument for two reasons. First, the court found that Appellant filed his petition one day outside the 60-day period allowed by 42 Pa.C.S.A. § 9545(b)(2). Second, the court held that **Obergefell** did not recognize a constitutional right of inmates to parole eligibility, nor did the decision "require that persons incarcerated for a life term in [one] state[] be granted the privilege of parole simply because [other] states allow for such measures." PCRA Court Opinion, 4/6/16, at 5.

We have carefully reviewed the submissions of the parties, the opinion of the PCRA court, and the certified record. Based upon our review, we conclude that the trial court adequately and accurately addressed the claims raised in Appellant's petition and correctly denied relief without a hearing. We therefore adopt the PCRA court's opinion as our own. The parties are instructed to include the PCRA court's opinion with all future filings concerning our disposition of this appeal.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2016

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : CP-09-CR-0004515-2005

v. :

DAVID CARMICHAEL :

## OPINION

Defendant David Carmichael (hereinafter "Appellant"), *pro se*, appeals this Court's

January 13, 2016 Order denying Post Conviction Relief. We file this Opinion pursuant to

Pennsylvania Rule of Appellate Procedure 1925(a).

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On July 10, 2006, Appellant pleaded guilty to two (2) Counts each of Murder[1], Murder of

the Second Degree[2], Robbery- Infliction of Serious Bodily Injury[3], and other related offenses in

connection with the May 12, 2005 deaths of Wayne and Carol Denno. On July 20, 2006, this

Court[4] sentenced Appellant to a term of life imprisonment with a consecutive term of not less

than five (5) years, nor more than ten (10) years, imprisonment in a state correctional institution.

Appellant filed no timely direct appeal.

On April 23, 2017, Appellant filed a PCRA Petition with this Court. After a hearing

conducted on September 5, 2007, Appellant sought and was granted permission to withdraw his

Petition.

---

[1] 18 Pa.C.S. §2502.
[2] 18 Pa.C.S. §2502(b).
[3] 18 Pa.C.S. §3701(a)(1)(i).
[4] Appellant was sentenced by the Honorable Kenneth G. Biehn, who has since retired from the Bench.

1



On September 2, 2015, Appellant filed the present PCRA Petition, his second, with this Court[5]. On November 16, 2015, we issued a Notice of Intent to Dismiss, to which Appellant responded on December 10, 2015. Upon consideration of Appellant's PCRA Petition and his response to our Notice of Intent to Dismiss, this Court denied Appellant's Petition without a hearing on January 13, 2016. Appellant subsequently filed a timely Notice of Appeal to Superior Court on February 3, 2016.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

On February 8, 2016, this Court issued a 1925(b) Order directing Appellant to file a Concise Statement of Matters Complained of on Appeal within twenty-one (21) days. Appellant filed such a Statement on February 25, 2016, which raised the following issues, *verbatim*:

I. THE PCRA COURT ERRED IN DENYING WITHOUT A HEARING THE CLAIM THAT PETITIONER IS SERVING AN ILLEGAL SENTENCE IN THAT IT LACKS CONSTITUTIONAL AUTHORITY AND VIOLATES PETITIONER'S RIGHT TO EQUAL PROTECTION OF THE LAW.

II. THE PCRA COURT ERRED IN DENYING WITHOUT A HEARING PETITIONER'S PETITION BASED UPON FINDINGS OF FACTS, DELIBERATELY MISTATED, AND ERRORS ON THE ORDER OF DISMISSAL, WHICH ARE NOT SUPPORTED BY THE RECORD.

III. THE PCRA COURT ABUSED IT'S [sic] DISCRETION BY DENYING PETITIONER'S PETITION WITHOUT A HEARING FOR REASONS THAT ARE INSUFFICIENT ON THEIR FACE.

---

[5] On August 14, 2015, Appellant filed a notice with this Court asserting newly discovered evidence arising from the decision in the Commonwealth v. Hopkins, 117 A.3d 247 (Pa. 2015). Appellant subsequently filed a third PCRA on September 14, 2015 on the basis of the issues that he raised in his August filing with this Court. The issues presented in Appellant's third PCRA Petition differ from those raised in the instant matter, and as such, they were not considered as an amendment to the current Petition. This Court issued a Notice of Intent to Dismiss Appellant's third Petition on April 5, 2016, and that matter is being decided independently from Appellant's instant Petition.

## ANALYSIS

"The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed." Commonwealth v. Abu-Jamal, 833 A.2d 719, 723-24 (Pa. 2003) (citations omitted). This Court is also cognizant of the principle requiring "strict adherence to the statutory language of the PCRA." Commonwealth v. Judge, 797 A.2d 250, 257 (Pa. 2002) (citations omitted).

The PCRA requires that any petition for post-conviction relief must be filed within one year of the date judgment becomes final. 42 Pa.C.S. §9545(b)(1). Unless the petition alleges and a defendant proves that one of the enumerated timeliness exceptions to Section 9545(b) applies, a PCRA court is without jurisdiction to review a petition. Commonwealth v. Stokes, 959 A.2d 306, 309 (Pa. 2008). In order to invoke an exception, a petition must allege and a defendant must prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the defendant and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. §9545(b)(1)(i) – (iii). When claiming one of the Section 9545(b) exceptions, a defendant has the burden to plead and prove the applicability of an exception. Commonwealth v. Beasley, 741 A.2d 1258, 1261 (Pa. 1999); Commonwealth v. Greer, 936 A.2d 1075, 1077 (Pa. Super. 2007). Any exception must further be filed within sixty (60) days from the date the claim could have been presented. 42 Pa.C.S. §9545(b)(2).

3

Appellant was sentenced on July 20, 2006 and filed no timely post-trial motions or a direct appeal. Therefore, his conviction became final on August 18, 2006. Appellant's instant Petition under the PCRA was filed on September 2, 2015, well in excess of the one (1) year filing restriction imposed by Section 9545(b) of the PCRA.

Appellant has asserted that the newly-recognized constitutional right timeliness exception is applicable in this case pursuant to 42 Pa.C.S. §9545(b)(1)(iii). Appellant attempts to justify his facially untimely PCRA Petition by claiming that his sentence of life imprisonment without the possibility of parole is "unconstitutional because it violates [Appellant's] right to equal protection of the law," following the recent United States Supreme Court decision of Obergefell v. Hodges, 135 S. Ct. 2584 (2015). Obergefell was decided on June 26, 2015, and 42 Pa.C.S. §9545(b)(2) provides that Appellant has sixty (60) days from that date to file a PCRA petition with this Court. Therefore, Appellant must have pled this exception within such a petition by August 24, 2015 in order to satisfy the timeliness requirements. The instant petition was docketed on September 2, 2015, but filed by Appellant on August 25, 2015, which falls one (1) day beyond the sixty (60) day period required by statute.

Even if Superior Court finds that Appellant's Petition was filed within the time necessary to claim an exception to the timeliness requirement, Appellant's claims were patently frivolous and failed to prove the applicability of the newly-recognized constitutional right exception. The Superior Court's standard of review for the denial of a PCRA petition without a hearing is well-settled, as follows:

> The right to an evidentiary hearing on a post-conviction petition is not absolute. A PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA

4

court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing.

Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001) (citations omitted).

Appellant claims that Obergefell, supra, represents an expansion of the United States Supreme Court's understanding of equal protection of the law, resulting in the Commonwealth now "violating his right to liberty by denying him the privilege of parole eligibility whereas citizens similarly situated in other states are granted full recognition of this right and privilege." PCRA Petition, Paragraph A. In comparing the liberty of homosexual couples to now marry with the liberty associated with eligibility for parole, Appellant summarizes his argument thusly:

> Just as the hope of same sex couples was not to be condemned to live in loneliness, excluded from one of civilization's oldes [sic] insritutions [sic] (marriage), so too is the hope of reformed life-term inmates in Pennsylvania who hope not to be condemned to life in the loneliness of confinement for all of their natural lives, excluded from one of the justice system's oldest institutions for release and reintegration intosociety [sic] (parole).

PCRA Petition, Paragraph 27. While Appellant offers a creative argument, it is not one grounded in any reasonable interpretation of the law, as we will discuss below.

The monumental holding of Obergefell recognized "the right to marry as a fundamental right inherent in the liberty of the person, and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment [to the United States Constitution], couples of the same sex may not be deprived of that right and that liberty." Obergefell v. Hodges, 135 S. Ct. 2584, 2605 (2015). The Obergefell Court further held that states must therefore recognize lawful same-sex marriages performed in other states. The United States Supreme Court did not explicitly or implicitly recognize any constitutional right of inmates to parole eligibility, nor can the Court's holding be deemed to now require that persons incarcerated for a life term in all states be granted the privilege of parole simply because some individual states allow for such measures.

5

Accordingly, we struggle to see how the above decision affects Appellant's life sentence without parole for his role in the murder of two persons.

Moreover, longstanding case law of both the United States Supreme Court and courts within this Commonwealth affirmatively establishes that a sentence of life imprisonment without possibility of parole does not violate an individual's right to equal protection. The United States Supreme Court held in Miller v. Alabama that "mandatory life without parole for offenders under the age of 18 at the time of their crimes violates the Eight Amendment's prohibition against 'cruel and unusual punishments.'" 132 S. Ct. 2455, 2460 (2012). We note that when presented with the opportunity to mandate access to parole for all life-term inmates, as Appellant now declares the Court has accomplished in Obergefell, the Supreme Court declined to do so, instead restricting its holding to mandatory such sentences for minor offenders. Furthermore, in reviewing PCRA petitions of two adult defendants asserting that the Miller decision should be extended, the Superior Court found that the Court's decision did not constitute a newly-recognized right for those adult defendants. Commonwealth v. Cintora, 69 A.3d 759, 764 (Pa. Super. 2013). As a result of Appellant's tenuous reasoning and the long-standing opposition to his claims within the case law of this Commonwealth, Appellant has not pled any viable claim under the newly-recognized constitutional right exception. Therefore, given that Appellant's Petition was untimely and failed to prove any exception, we submit that it was rightly denied without a hearing.

**CONCLUSION**

For the foregoing reasons, this Court perceives that the issues of which Appellant has complained in this appeal are without merit, and that this Court's January 13, 2016 Order

denying Post Conviction Relief was supported by both the law and the record in this case. We respectfully request the Superior Court to affirm this Court's decision.

BY THE COURT:

_____
WALLACE H. BATEMAN, JR. J.

April 6, 2016
Date

7