**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Benjamin Richard GEER**
**Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 6, 2007.
Filed Nov. 7, 2007.

Edward J. Hatheway, Meadville, for appellant.

Francis J. Schultz, Asst. Dist. Atty., Meadville and Paula C. DiGiacomo, Asst. Dist. Atty., Meadville, for Com., appellee.

BEFORE: STEVENS, LALLY-GREEN, and BENDER, JJ.

OPINION BY STEVENS, J.:

¶ 1 Appellant Benjamin Geer, Jr., purports to appeal, *nunc pro tunc*, from the June 15, 2005 order dismissing his first petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Because the PCRA court did not have jurisdiction to reinstate Appellant's PCRA appellate rights *nunc pro tunc*, we quash this appeal.

¶ 2 The relevant facts and procedural history are as follows: On January 7, 2002, Appellant pled guilty to involuntary deviate sexual intercourse (IDSI) and aggravated indecent assault.[1] The pleas stem from Appellant's sexual abuse of a minor female between May 2000 and August 2000. On March 28, 2002, the trial court imposed an aggregate term of eight and one-half to seventeen years' imprisonment. Appellant filed a post-sentence motion on April 8, 2002, which the trial court denied on the same date. Appellant did not file a direct appeal.

¶ 3 On March 31, 2003, Appellant, acting *pro se*, filed his first PCRA petition. Counsel was appointed, and counsel filed an amended petition on Appellant's behalf. Following an evidentiary hearing on July 14, 2003, counsel filed a second amended petition. Thereafter, following three additional hearings, the PCRA court denied Appellant's PCRA petition on June 15, 2005. This Court dismissed Appellant's ensuing appeal on November 3, 2005, due to Appellant's failure to file an appellate brief.

¶ 4 On September 14, 2006, Appellant, acting *pro se*, filed the instant PCRA petition, his second. After initially issuing notice of its intention to dismiss the petition without a hearing, the PCRA court reconsidered, and on October 12, 2006, the court entered an order appointing present counsel. On November 13, 2006, counsel filed an amended PCRA petition, wherein Appellant requested leave to file a notice of appeal, *nunc pro tunc*, from the court's June 15, 2005 order denying Appellant's first PCRA petition. Finally, following a hearing, on January 30, 2007, the PCRA court entered its order purporting to grant Appellant leave to file a notice of appeal *nunc pro tunc* from the June 15, 2005 order. This counseled *nunc pro tunc* appeal followed on February 7, 2007. On February 8, 2007, the PCRA court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On February 12, 2007, Appellant filed a timely Rule 1925(b) statement raising two issues as follows:

(a) Whether the trial court erred in concluding that the defendant's trial counsel had not rendered ineffective assistance of counsel when trial counsel failed to timely-file an Omnibus Pre–Trial Motion seeking to have the defendant's confession suppressed on the grounds that it had been obtained illegally through coercion by Cambridge Springs Police Department Chief Jack Q. Young?

(b) Whether the trial court erred in concluding that the defendant's trial counsel had not rendered ineffective assistance of counsel when trial counsel failed to file an Omnibus Pre–Trial Motion seek-

---

1. 18 Pa.C.S.A. §§ 3123 and 3125, respectively.

ing to obtain through discovery the sword/knife that Officer Young held to the defendant's throat/body at the time when the defendant made his confession/incriminating statement?

Rule 1925(b) Statement, 2/12/07, at 2–3.

¶ 5 In reviewing the propriety of the PCRA court's order, we are limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. *Commonwealth v. Halley*, 582 Pa. 164, 170 n. 2, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa.Super.2001).

¶ 6 Prior to addressing the merits of the *nunc pro tunc* appeal, we must first address whether Appellant's second PCRA petition, upon which the order granting *nunc pro tunc* relief was predicated, was filed timely. As noted, the PCRA petition at issue was filed on September 14, 2006; thus, it is governed by the 1995 amendments to the PCRA, which were enacted on November 17, 1995, and became effective sixty days later. *Commonwealth v. Murray*, 562 Pa. 1, 4, 753 A.2d 201, 202 (2000). Under those amendments to the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. The time limitations imposed by the PCRA implicate our jurisdiction, and, therefore, they may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007).

¶ 7 In the instant case, Appellant's judgment of sentence became final on May 8, 2002, thirty days after the trial court denied his timely post-sentence motion on April 8, 2002, and the date the period to file a direct appeal in this Court expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Therefore, in order to comply with the filing requirements of the PCRA, Appellant's petition had to be filed by May 8, 2003. As the petition was not filed until September 14, 2006, it is patently untimely.

¶ 8 Section 9545 provides the following three exceptions that allow for review of an untimely PCRA petition: (1) petitioner's inability to raise a claim was a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; and (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke an exception, the petitioner must plead it and satisfy the burden of proof. *Commonwealth v. Beasley*, 559 Pa. 604, 608, 741 A.2d 1258, 1261 (1999). In addition, "[t]he PCRA limits the reach of the exceptions by providing that the exceptions must be pled within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2)." *Bennett*, 930 A.2d at 1267–68. *See Commonwealth v. Fowler*, 930 A.2d 586 (Pa.Super.2007) (holding that a petition based upon one of the exceptions must be filed within sixty days of the date the claim could have been presented).

¶ 9 In his counseled PCRA petition, Appellant sought an equitable exception to the time-bar based upon prior appeal counsel's failure to file an appellate brief. Specifically, Appellant contended that he asked his attorney to file an appellate brief from the denial of his first PCRA petition, the attorney assured him he would file the

brief,[2] the attorney did not file the brief, and thereafter, this Court dismissed Appellant's appeal. In *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007), the Supreme Court recently held that such a claim falls within the ambit of Subsection 9545(b)(1)(ii)'s exception since "the facts upon which the claim is predicated could not have been ascertained by the exercise of due diligence." [3]  However, in *Bennett*, the Supreme Court also reiterated that, before a petitioner may benefit from Subsection 9545(b)(1)(ii)'s exception, the petitioner must plead he filed his PCRA petition within sixty days of the date it could have been presented; that is, he must

plead he filed his petition within sixty days of when he discovered this Court dismissed his first PCRA appeal.[4]  *Id.* at 1272 n. 11.

¶ 10  In the case *sub judice*, unlike in *Bennett*, an examination of the record and appellate brief reveals that Appellant has made no allegation that he presented his claim within sixty days of when he discovered this Court dismissed his first PCRA appeal.[5]  Since Appellant has made no averment that he filed his second PCRA petition and sought to invoke one of the timeliness exceptions within sixty days of the date the claim could have been presented,[6] we conclude the petition was un-

2.  The certified record includes a letter from Appellant's attorney to Appellant wherein the attorney indicated he would file a brief on Appellant's behalf.

3.  The Supreme Court held that, in order for a petitioner to invoke the exception, he "must establish that: 1) the *facts* upon which the claim was predicated were *unknown* and 2) could not have been ascertained by the exercise of *due diligence.*" *Bennett*, 930 A.2d at 1272 (quotation and quotation marks omitted) (emphasis in original).

4.  In determining when the petitioner learned of this Court's dismissal and when the facts were no longer unknown to him, the courts do not merely consider the date this Court's order dismissing the appeal was filed. *Bennett, supra.* The Supreme Court explained:

> The August 14th order [in *Bennett*] was a matter of "public record" only in the broadest sense. Such orders are not sent directly to the prisoner. Rather, counsel is sent the notice on the assumption that counsel will inform his client of the court's action. In a case such as the instant one, it is illogical to believe that a counsel that abandons his or her client for a requested appeal will inform his client that his case has been dismissed because of his own failures. More importantly, in light of the fact that counsel abandoned Appellant, we know of no other way in which a prisoner could access the "public record."

*Id.* at 1275 (footnote omitted).

5.  In his Dissenting Opinion, our esteemed colleague concludes that we should remand this matter for a hearing to determine when Appellant discovered his first appeal was dismissed, which would aid the court in determining whether Appellant filed the present PCRA petition within sixty days of the date his claim could have been presented. In so doing, the Dissent concludes the case *sub judice* is indistinguishable from *Bennett* since the Supreme Court overlooked the appellant's failure in *Bennett* to plead and prove he filed his second PCRA petition within sixty days of learning of the dismissal of his prior appeal. We disagree with the Dissent's interpretation of *Bennett*. In *Bennett*, our Supreme Court specifically concluded the appellant met the sixty day threshold, *Id.* at 1272 n. 11, and then the Supreme Court discussed the application of Subsection 9545(b)(1)(ii)'s exception. That is, in *Bennett*, the Supreme Court stated, "In this case, we are content that Appellant has alleged that his petition was filed within 60 days of the date it could have been presented, since it was filed less than 25 days after when Appellant found out that the Superior Court dismissed his first PCRA appeal." *Id.* at 1272, n. 11. Unlike the case *sub judice*, whether the appellant met the initial sixty day threshold was not an issue in *Bennett*. Here, Appellant has never asserted at any stage, including on appeal, that he filed the present petition within sixty days.

6.  We note the PCRA court held a hearing on January 30, 2007 regarding Appellant's sec-

timely. Therefore, the PCRA court did not have jurisdiction to grant Appellant's request to file an appeal *nunc pro tunc* from the denial of his first PCRA petition.

¶ 11 Appeal Quashed.

¶ 12 Judge BENDER files a Dissenting Opinion.

## DISSENTING OPINION BY BENDER, J.:

¶ 1 Because I believe our Supreme Court's recent decision in *Commonwealth v. Bennett,* 593 Pa. 382, 930 A.2d 1264 (2007) (*Bennett II*), provides a substantial change to the law that impacts the within case, I would remand for an evidentiary hearing to determine when Appellant learned that his appeal in this Court had been dismissed due to counsel's failure to file a brief. Thus, I respectfully dissent.

¶ 2 As the Majority points out, Appellant's first PCRA petition was denied on June 15, 2005. Appellant filed a *pro se* appeal from that dismissal and sought the appointment of new counsel. As Appellant was already represented, Appellant's request for new counsel went without an official response/disposition. Nevertheless, Appellant's prior counsel neglected to file a brief on Appellant's behalf and, as a consequence, that appeal was dismissed by this Court on November 3, 2005. Previously, this Court had concluded that denials of appeals from PCRA petitions due to counsel's malfeasance did not fit into one of the enumerated exceptions to the PCRA's timeliness requirements. *See,*

generally, *Commonwealth v. Bennett,* 842 A.2d 953 (Pa.Super.2004) (*en banc* ). Thus, the prevailing view was that although this situation was unfortunate, and resulted in a loss of the Appellant's appeal rights, unless restorative action was taken within one year of his judgment of sentence becoming final, the PCRA petitioner had no recourse. *Id.* Of course, since the one-year period ran from the date the judgment of sentence became final, and not from when the petitioner's appeal was dismissed, it would be a rare situation indeed where a petitioner would still have time remaining after pursuing a first PCRA petition and then having an appeal dismissed.

¶ 3 In *Bennett II,* the Supreme Court altered the above stance, concluding that the fact that counsel's failure to file a brief had resulted in the dismissal of an appeal could constitute an exception under 42 Pa. C.S. § 9545(b)(1)(ii). This exception to the one-year limitations period applies when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Id.* Ultimately, the Supreme Court remanded the matter to determine whether the terms of 42 Pa.C.S. § 9545(b)(1)(ii) had been met, that is, whether the dismissal of Bennett's appeal was "unknown" to him and could not be uncovered with the exercise of due diligence.

¶ 4 Here, Appellant, proceeding *pro se,* filed a second PCRA petition on Septem-

ond PCRA petition, at which Appellant may have presented evidence regarding whether he brought his claim within sixty days of when it could have been presented. However, when Appellant filed his appeal on February 7, 2007, he attached a notice indicating "[n]o hearings need to be transcribed as all prior hearings have been previously transcribed by the court reporter's office." Out of an abundance of caution, this Court made an

informal inquiry to determine whether the January 30, 2007 notes of testimony had been transcribed. *See Commonwealth v. Preston,* 904 A.2d 1 (Pa.Super.2006). We were informed that no request for transcription had been made. Therefore, to the extent Appellant may have established at the hearing that he filed his second PCRA petition within sixty days of when the claim could have been presented, we find the issue to be waived. *Id.*

ber 14, 2006. In this petition, Appellant did not rely upon counsel's failure to file a brief as a basis for seeking relief. Consequently, to the PCRA court, the petition appeared to be untimely and the court promptly notified Appellant of its intention to dismiss the petition without a hearing. As is his right, Appellant filed a response to the court's notice of intent to dismiss and in that response noted that counsel's failure to file a brief had resulted in the dismissal of his prior appeal. The court observed this allegation and determined *sua sponte* that it might provide the basis for the granting of a *nunc pro tunc* appeal. Consequently, the court scheduled argument on this matter for January 30, 2007. Prior to the time scheduled for argument, new counsel filed a third PCRA petition seeking restoration of Appellant's appeal rights with respect to the denial of his first PCRA petition. After hearing argument on the matter, the court granted Appellant the right to file a *nunc pro tunc* appeal from the June 15, 2005 denial of PCRA relief.

¶ 5 The Majority concludes that *Bennett II* is inapplicable here because Appellant did not plead and prove that he filed his second PCRA petition within 60 days of learning of the dismissal of his prior appeal. However, in *Bennett II*, the Supreme Court overlooked a similar failure by Bennett, which was due in part because Bennett followed this Court's directives at a time when we were treating such ineffectiveness of counsel as creating an "equitable extension" of the first PCRA petition. Indeed, Bennett did not plead, let alone prove, the exception in a PCRA petition

either. Instead, Bennett raised the matter in his brief to the Supreme Court. Despite that fact, the Court remanded the matter for an evidentiary hearing.

¶ 6 While Appellant here was not relying upon directions which were later invalidated, we note that Appellant's second PCRA petition was uncounselled. Because Appellant's petition was uncounselled, I believe it is within our purview to apply the waiver rules liberally.[7] Appellant ostensibly raised the issue of counsel's dereliction in the proceedings attending his second petition, that being, in his reply to the court's notice of intent to dismiss. Thus, I would perceive the raising of the matter in that response similar to Bennett's raising of the issues in his brief to the Supreme Court. Further, I would relate the allegation back to the date of his second petition as it was raised within the litigation of that petition before the PCRA court.

¶ 7 Unfortunately, this does not answer the question of when Appellant discovered that his first appeal was dismissed due to counsel's failure to file a brief. In the present case, it appears that because the court believed that counsel's failure to file a brief was itself a sufficient basis to grant relief, no hearing was held. Again, under the law as it stood at that time, the court's position was actually contrary to law. However, under *Bennett II*, we can now conclude that the dismissal of an appeal due to counsel's dereliction can be rectified via a second PCRA petition, although it would still be incumbent upon the petitioner to act promptly once learning that the appeal had been dismissed, *i.e.*, within 60

7. As evidence of the liberality in which we treat *pro se* petitions under the PCRA, I offer this quote from *Commonwealth v. Eller*, 569 Pa. 622, 635, 807 A.2d 838, 845 (2002):

given the courts' liberal construction of *pro se* pleadings, including pleadings under the PCRA, see Pa.R.Crim.P. 905 (governing

amendment of PCRA petitions), a non-PCRA petition filed within one year of the judgment becoming final could and should be treated as one sounding under the PCRA, and appropriate amendment permitted.

days. It would also be incumbent upon the petitioner to establish that he was not dilatory in discovering the fact that his appeal had been dismissed.

¶ 8 As such, I believe we should remand the present case for a finding as to when Appellant actually learned of the dismissal of his appeal and whether Appellant failed to exercise due diligence in learning of the dismissal. In my opinion, if Appellant filed the second PCRA petition within 60 days of learning of the dismissal, under *Bennett II*, this would constitute a sufficient basis for reinstating his appeal. As mentioned earlier, similar to *Bennett II*, I would overlook Appellant's failure to plead this exception initially as he was without benefit of counsel.[8]

Joseph M. Devecka, State College, for appellant.

BEFORE: LALLY–GREEN, DANIELS and JOHNSON, JJ.

---

**8.** While Appellant's intervening petition was drafted by counsel, that petition was obviously drafted prior to *Bennett II* being issued. Given that *Bennett II* departs substantially from prior precedent, the equitable thing to do, in my opinion, is to remand the matter rather than to hold against Appellant counsel's failure to plead when Appellant learned of this Court's dismissal of his appeal.