J-S71026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DALIYL RAA'ID MUHAMMAD | |
| Appellant | No. 535 MDA 2014 |

Appeal from the PCRA Order February 11, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002967-2002
CP-22-CR-0003009-2002

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY PANELLA, J.                    **FILED JANUARY 23, 2015**

Appellant, Daliyl Raa'id Muhammad, is a serial PCRA petitioner and *pro se* motions filer. The instant petition—his *fourth* before this Court—was filed on May 31, 2013. Muhammad's judgment of sentence became final on September 16, 2004, which date is thirty days after this Court affirmed his judgment of sentence. In this appeal, he claims that he has pled two exceptions to the time bar provided in 42 Pa.C.S.A. 9545(b), specifically subsections (i) and (ii).

The bases for the exceptions are materials he received from "York County authorities on December 27, 2011," and an "affidavit" from a fellow inmate, James Blackwell, which is dated April 20, 2011. The "affidavit" was a

_____

[*] Former Justice specially assigned to the Superior Court.

subject of Muhammad's PCRA petition filed in 2011, *see* PCRA petition, filed May 23, 2011, at ¶15, and this Court explained why it does not constitute after-discovered evidence, *see Commonwealth v. Muhammad*, 1605 MDA 2011, at 3 n.3 (Pa. Super., filed March 26, 2012) (unpublished memorandum). Muhammad obviously cannot now relitigate this issue in the current appeal.

As for the December 27, 2011 materials, Muhammad did not file the instant petition containing this claim until May 31, 2013—318 days *after* this Court dismissed his previous petition. Muhammad had 60 days to file a petition containing this claim from the date of the order resolving his previous petition. *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000). Even assuming for the sake of argument that such a claim fits within an exception to the timeliness requirement, we note that it must fail, as it was not filed within sixty days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2); *Commonwealth v. Geer*, 936 A.2d 1075, 1077 (Pa. Super. 2007). The PCRA court correctly determined that it was without jurisdiction to hear this untimely petition.

Muhammad has filed in this Court a petition seeking a stay of this appeal pending a remand for an evidentiary hearing. We deny that motion.

Order affirmed. Motion for stay denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2015