J-S35040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHRISTOPHER HILL, | : | |
| | : | |
| Appellant | : | No. 2617 EDA 2015 |

Appeal from the PCRA Order August 4, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0503822-2002

BEFORE:  FORD ELLIOTT, P.J.E, BENDER, P.J.E. and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 26, 2016**

Christopher Hill ("Hill") appeals, *pro se*, from the Order denying his third Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. § 9541-9546.  We affirm.

In 2003, following a bench trial, Hill was convicted of two counts each of attempted murder, aggravated assault, robbery, attempted robbery of a motor vehicle, conspiracy, carrying a firearm without a license, possession of a firearm by a minor, and carrying firearms on a public street, plus one count each of terroristic threats, simple assault, recklessly endangering another person, and attempted theft.[1]  The trial court sentenced Hill to an aggregate term of 30 to 60 years in prison.  On appeal, this Court vacated Hill's sentence for robbery of a motor vehicle based upon merger, but affirmed the remaining judgments of sentence.  *See Commonwealth v.*

---

[1] 18 Pa.C.S.A. §§ 901, 2702, 3701, 903, 6106, 6110.1, 6108, 2706, 2701, 2705.

*Hill*, 860 A.2d 1129 (Pa. Super. 2004) (unpublished memorandum). This Court held that because the sentence concerning robbery of a motor vehicle was imposed concurrently, the vacating of the sentence did not disturb the trial court's sentencing scheme, and there was no need to remand for resentencing. *See id.* (unpublished memorandum at 6-7).

In October 2013, Hill filed, *pro se*, the instant PCRA Petition, his third.[2] The PCRA court issued a Pa.R.Crim.P. 907 Notice, and subsequently denied the Petition without a hearing in August 2015. Hill filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.[3]

> We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" *See* 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). Here, Hill's judgment of sentence became final in 2004. *See* 42 Pa.C.S.A.

---

[2] Hill subsequently filed several amendments to his Petition without seeking leave of court.

[3] We note that Hill has not included a Pa.R.A.P. 2116(a) Statement of Questions Involved in his brief.

§ 9545(b)(3). Because Hill did not file the instant PCRA Petition until October 2013, his Petition is facially untimely.

However, we may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010).

In his first claim, Hill asserts that he was abandoned by his appellate and/or PCRA counsel. Brief for Appellant at 7. Hill claims that abandonment by counsel constitutes a new fact under the timeliness exception at 42 Pa.C.S.A. § 9545(b)(1)(ii). *Id.* Hill relies on *Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007), for the proposition that an assertion of ineffective assistance of appellate counsel may fall within the new facts exception at 42 Pa.C.S.A. § 9545(b)(1)(ii). Brief for Appellant at 7.

Here, Hill's failure to raise the abandonment of counsel claim in his PCRA Petition constitutes a waiver of his claim. *See Commonwealth v. Reid*, 99 A.3d 470, 494 (Pa. 2014) (stating that claims not raised in a PCRA petition cannot be raised for the first time on appeal); *Commonwealth v. Roney*, 79 A.3d 595, 611 (Pa. 2013) (stating that claims are waived for failing to present them to the PCRA court).

Even if we addressed Hill's claim, we note that "in order to prevail under the newly discovered [facts] exception, [an] [a]ppellant must plead and prove that the facts upon which the claim is predicated were unknown to him and could not have been ascertained earlier by the exercise of due diligence." *Commonwealth v. Sattazahn*, 869 A.2d 529, 534 (Pa. Super. 2005). Here, Hill failed to explain why any action or inaction by appellate or PCRA counsel constituted ineffective assistance.[4] Hill also failed to plead and prove why any such information could not have been ascertained earlier by the exercise of due diligence, or why he did not present this claim within sixty days of the date it could have been presented. *See Commonwealth v. Geer*, 936 A.2d 1075, 1078 (Pa. Super. 2007) (stating that "before a petitioner may benefit from Subsection 9545(b)(1)(ii)'s exception, the petitioner must plead he filed his PCRA petition within sixty days of the date it could have been presented[.]"). Therefore, Hill would not entitled to relief on this claim.

In his second claim, Hill invokes the exception at 42 Pa.C.S.A. § 9545(b)(1)(ii), and asserts that an affidavit prepared by his co-defendant, Brian Smith ("Smith"), constitutes a new fact that entitles him to PCRA

---

[4] In its Opinion, the PCRA court found that neither appellate nor PCRA counsel was ineffective, and that both fulfilled all of their obligations. *See* PCRA Court Opinion, 10/13/15, at 2-3.

relief. Brief for Appellant at 7-8. Smith, who testified against Hill at trial, submitted an affidavit stating that Hill was not involved in the crimes.[5] **Id.**

Hill has failed to plead and prove that the newly-discovered facts exception applies. Indeed, Hill does not explain why this information could not have been ascertained earlier by the exercise of due diligence. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii); **see also Sattazahn, supra**. Moreover,

> [t]o be entitled to relief under the PCRA on [the] basis [of exculpatory after discovered facts,] the petitioner must plead and prove by a preponderance of the evidence the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

**Commonwealth v. Foreman**, 55 A.3d 532, 537 (Pa. Super. 2012) (internal citations omitted). Hill has failed to plead and prove that if Smith had testified at trial in a manner consistent with his "recantation" in the affidavit, it would have affected the outcome of his trial. Both victims identified Hill following the shooting, and both victims testified at trial. **See** PCRA Court Opinion, 10/13/15, at 4-5; **see also** N.T., 3/24/03, at 21-23, 109-10. Upon our review, we conclude that Hill did not properly invoke the newly-

---

[5] Hill did not raise this claim in his October 2013 PCRA Petition. In fact, Smith's affidavit was not executed until January 1, 2015. Hill raises this claim in his "2nd Amendment to Already Filed Objection to 907, with Amended PCRA Petition," although he appears to have filed the amendment without seeking leave of court. Generally, claims raised in unauthorized supplements are waived. **See Reid**, 99 A.3d at 437 (stating that "[t]his Court has condemned the unauthorized filing of supplements and amendments to PCRA petitions, and has held that such claims raised in such supplements are subject to waiver."). However, because the PCRA court did not object to Hill's claim in its Opinion, we will address his claim.

discovered facts exception because he did not exercise due diligence, and Smith's recantation would not have compelled a different verdict. Therefore, Hill is not entitled to relief on this claim.

In his third claim, Hill claims that the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013), affords him relief under the newly recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii). Brief for Appellant at 8.

Hill did not file the instant PCRA Petition within sixty days of the date the **Alleyne** decision was filed, as required under the PCRA. **See** 42 Pa.C.S.A. § 9545(b)(2); **see also Commonwealth v. Leggett**, 16 A.3d 1144, 1146 (Pa. Super. 2011) (stating that "[w]ith regard to an after-recognized constitutional right, ... the sixty-day period begins to run upon the date of the underlying judicial decision."). In any event, this Court has held that the **Alleyne** decision is not a sufficient basis to invoke the exception at Section 9545(b)(1)(iii), as the decision does not apply retroactively. **See Commonwealth v. Riggle**, 119 A.3d 1058, 1067 (Pa. Super. 2015). Thus, Hill's third claim is without merit.

Based upon the foregoing, the PCRA court did not err in denying Hill's PCRA Petition without holding a hearing. **See Commonwealth v. Garcia**, 23 A.3d 1059, 2066 n.9 (Pa. Super. 2011) (stating that a PCRA court is not required to hold an evidentiary hearing where no exceptions are invoked).

Order affirmed. Motion to Supersede as a Stay/Or Remand denied.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2016