J-S40005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GRANT EPPS ROYSTER, | : | |
| | : | |
| Appellant | : | No. 2117 EDA 2017 |

Appeal from the Judgment of Sentence April 21, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0002198-2015

BEFORE: LAZARUS, J., DUBOW, J., and PLATT, J.*

JUDGMENT ORDER BY DUBOW, J.:               **FILED OCTOBER 01, 2018**

Appellant, Grant Epps Royster, appeals from the Judgment of Sentence following his bench trial for Driving While Operating Privilege is Suspended or Revoked.[1]  For the reasons discussed below, we quash this appeal.

On April 21, 2016, the trial court found Appellant guilty of the above offense and immediately sentenced him to a term of two to six months' incarceration.  Appellant did not file a direct appeal.

On August 16, 2016, Appellant filed a first PCRA Petition seeking the reinstatement of his direct appeal rights, and averring that trial counsel provided ineffective assistance by failing to file an allegedly requested direct appeal.  However, on October 19, 2016, Appellant's sentence expired. Although the PCRA court properly concluded that Appellant was not entitled

---

[1] 75 Pa.C.S. § 1543.

---

* Retired Senior Judge assigned to the Superior Court.

to post-conviction relief because his sentence had expired, the PCRA court nonetheless reinstated Appellant's direct appeal rights *nunc pro tunc*.

The Commonwealth appealed the PCRA court's Order reinstating Appellant's direct appeal rights *nunc pro tunc*. This Court reversed, holding that the PCRA court's attempt to afford Appellee a remedy, despite the clear dictates of the PCRA statute, was improper. ***See Commonwealth v. Royster***, No. 1853 EDA 2017, unpublished memorandum at 5-6 (Pa. Super. filed Oct. __, 2018).

Because the PCRA court improperly reinstated Appellant's direct appeal rights, we are constrained to quash this direct appeal. ***See Commonwealth v. Geer***, 936 A.2d 1075, 1078 (Pa. Super. 2007) (holding that the appropriate remedy where PCRA court did not have jurisdiction to grant petitioner's request to file an appeal *nunc pro tunc* is to quash the subsequent appeal).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/18

- 2 -