J-S60045-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| JEFFREY DAVID CLAPSADL, | : | |
| | : | |
| Appellant | : | No. 330 MDA 2018 |

Appeal from the PCRA Order January 9, 2018
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002362-1994

BEFORE:     SHOGAN, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 18, 2018**

Jeffrey David Clapsadl (Appellant) appeals *pro se* from the January 9, 2018 order dismissing his petition for writ of *habeas corpus* as an untimely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

> Following a jury trial, [Appellant] was sentenced to life imprisonment plus three and one-half to seven years for first degree murder, aggravated assault, possessing an instrument of crime and abuse of a corpse. The evidence at trial established that [Appellant] killed Renee Layser, the mother of his unborn child, with a single shotgun blast to the back of her head from a distance of two feet. He then transported her body to a wooded area and buried it in a shallow grave.
>
> A direct appeal was filed with this court on May *9,* 1995. We affirmed the judgment of sentence on July 16, 1996. *See **Commonwealth v. Clapsadl,** [685 A.2d 207 (Pa. Super. 1996) (unpublished)].  On August 12, 1996, a petition for allowance of appeal was filed with our Supreme Court. The petition was denied on April 7, 1997. [**Commonwealth v. Clapsadl**, 692 A.2d 562 (Pa. 1997)].

_____

*Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Clapsadl***, 747 A.2d 410 (Pa. Super. 1999) (unpublished memorandum). Since then, Appellant has filed two PCRA petitions, both of which resulted in no relief.

Appellant filed the petition at issue herein on August 24, 2016. Although styled as a petition for writ of *habeas corpus*, the PCRA court treated the August 24, 2016 filing as Appellant's third PCRA petition. The court dismissed the petition by order dated January 9, 2018, and on February 12, 2018, Appellant timely filed a notice of appeal.[1] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. We review the court's January 9, 2018 order mindful of the following.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545. "In addition, [t]he PCRA limits the reach of the exceptions by providing that the exceptions must be pled within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2)."

---

[1] Appellant's notice of appeal was not docketed until February 12, 2018, more than thirty days after the PCRA court dismissed Appellant's petition. However, "the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011). Thus, for the purposes of this appeal, Appellant's notice of appeal, dated January 31, 2018, is timely.

*Commonwealth v. Geer*, 936 A.2d 1075, 1077 (Pa. Super. 2007) (quotation marks omitted; brackets in original).

It is clear that Appellant's petition is facially untimely; his judgment of sentence became final in 1997. However, Appellant alleges that his petition is based upon a change in the law, referencing *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, __U.S.__, 136 S.Ct. 718 (2016). Appellant's Brief at 6-8. Thus, it appears that Appellant is alleging that the following timeliness exception applies: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

In *Miller*, the Court held that the application of mandatory sentences of life imprisonment without possibility of parole to individuals who were juveniles at the time they committed homicides was unconstitutional. *Miller*, 567 U.S. at 465. In *Montgomery*, decided in January 2016, the Court determined that *Miller* announced a new substantive rule of law that applies retroactively. *Montgomery*, 136 S. Ct. at 736.

Appellant was not a juvenile at the time of the murder; rather, he was 23 years old. *See* Appellant's Brief at 4 (stating Appellant "was 23 years old at the time of the offense"). Therefore, *Miller* and *Montgomery* are not applicable to Appellant's petition. *See Commonwealth v. Furgess*, 149

A.3d 90, 94 (Pa. Super. 2016) (holding that Furgess, who was 19 at the time of the murder could not rely on **Miller** "to bring [himself] within the time-bar exception in Section 9545(b)(1)(iii)"). Furthermore, we find Appellant's attempt to advocate that the holding in **Miller** should be expanded to include individuals like himself is likewise unsuccessful. We have previously addressed and rejected a similar argument regarding the applicability of **Miller**. **See Commonwealth v. Montgomery**, 181 A.3d 359, 366 (Pa. Super. 2018) (*en banc*) ("Appellant's argument attempts to extend **Miller** to those adults whose brains were not fully developed at the time of their offense. This argument fails, however, because a contention that a newly-recognized constitutional right should be extended to others does not [satisfy the new constitutional rule exception to the PCRA's timeliness requirement.]"). (citation and quotation marks omitted; brackets in original).

Additionally, Appellant's attempt to couch this claim as one in violation of the equal protection clause is unavailing. **See Id.** ("Neither the Supreme Court of the United States nor our Supreme Court has held that **Miller** announced a new rule under the Equal Protection Clause. Instead, **Miller** only announced a new rule with respect to the Eighth Amendment. Thus, contrary to Appellant's assertion, his Equal Protection Clause argument is also an attempt to extend **Miller**'s holding.").

Lastly, we note that Appellant filed his petition on August 24, 2017, more than 60 days after ***Montgomery v. Louisiana***. Consequently, Appellant's petition was untimely filed. ***See Commonwealth v. Secreti***, 134 A.3d 77, 82 (Pa. Super. 2016) (holding the date of the ***Montgomery v. Louisiana*** decision is the benchmark "for purposes of the 60-day rule" in cases involving the ***Miller*** decision). Accordingly, the PCRA court properly dismissed Appellant's petition.[2]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/18/2018</u>

---

[2] We are cognizant that this Court recently certified ***Commonwealth v. Lee***, No. 1891 WDA 2016, for *en banc* review to address whether the holding in ***Miller*** applies only to those who were younger than 18 at the time the offense was committed. Regardless, because Appellant's petition was not filed within 60 days of the ***Montgomery v. Louisiana*** decision, and is therefore untimely, we find this case distinguishable from ***Lee***, and as such, we decline to hold this case in abeyance pending our disposition in ***Lee***.