J-S60045-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| JEFFREY DAVID CLAPSADL, | : | |
| | : | |
| Appellant | : | No. 330 MDA 2018 |

Appeal from the PCRA Order January 9, 2018
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002362-1994

BEFORE:    SHOGAN, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED APRIL 03, 2019**

Jeffrey David Clapsadl (Appellant) appeals *pro se* from the January 9, 2018 order dismissing his petition for writ of *habeas corpus* as an untimely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

> Following a jury trial, [Appellant] was sentenced to life imprisonment plus three and one-half to seven years for first degree murder, aggravated assault, possessing an instrument of crime and abuse of a corpse. The evidence at trial established that [Appellant] killed Renee Layser, the mother of his unborn child, with a single shotgun blast to the back of her head from a distance of two feet. He then transported her body to a wooded area and buried it in a shallow grave.

> A direct appeal was filed with this court on May *9,* 1995. We affirmed the judgment of sentence on July 16, 1996. ***See Commonwealth v. Clapsadl,*** [685 A.2d 207 (Pa. Super. 1996) (unpublished)].  On August 12, 1996, a petition for allowance of appeal was filed with our Supreme Court. The petition was denied on April 7, 1997. [***Commonwealth v. Clapsadl***, 692 A.2d 562 (Pa. 1997)].

---

*Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Clapsadl***, 747 A.2d 410 (Pa. Super. 1999) (unpublished memorandum). Since then, Appellant has filed two PCRA petitions, both of which resulted in no relief.

Appellant filed the petition at issue herein on March 21, 2016. Although styled as a petition for writ of *habeas corpus*, the PCRA court treated the March 21, 2016 filing as Appellant's third PCRA petition. The court dismissed the petition by order dated January 9, 2018, and on February 12, 2018, Appellant timely filed a notice of appeal.[1] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. We review the court's January 9, 2018 order mindful of the following.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545. "In addition, [t]he PCRA limits the reach of the exceptions by providing that the exceptions must be pled within sixty days of the date the

---

[1] Appellant's notice of appeal was not docketed until February 12, 2018, more than thirty days after the PCRA court dismissed Appellant's petition. However, "the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011). Thus, for the purposes of this appeal, Appellant's notice of appeal, dated January 31, 2018, is timely.

claim could have been presented. 42 Pa.C.S. § 9545(b)(2)."[2]

***Commonwealth v. Geer***, 936 A.2d 1075, 1077 (Pa. Super. 2007) (quotation marks omitted; brackets in original).

It is clear that Appellant's petition is facially untimely; his judgment of sentence became final in 1997. However, Appellant alleges that his petition is based upon a change in the law, referencing ***Miller v. Alabama***, 567 U.S. 460 (2012) and ***Montgomery v. Louisiana***, __U.S.__, 136 S.Ct. 718 (2016).[3] Appellant's Brief at 6-8. Thus, it appears that Appellant is alleging

---

[2] Although inapplicable to this appeal, we note that subsection 9545(b)(2) was amended on October 24, 2018, effective in 60 days (December 24, 2018), extending the time for filing from sixty days of the date the claim could have been presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

[3] On December 18, 2018, this Court filed a memorandum affirming the PCRA court's order because, *inter alia*, Appellant did not file his petition within the requisite 60 days following the change in the law and thus, Appellant's petition was untimely filed. ***Commonwealth v. Clapsadl***, 330 MDA 2018 (Pa. Super. 2018) (unpublished memorandum). ***See also Commonwealth v. Secreti***, 134 A.3d 77, 82 (Pa. Super. 2016) (holding the date of the ***Montgomery v. Louisiana*** decision is the benchmark "for purposes of the 60-day rule" in cases involving the ***Miller*** decision). On January 3, 2019, Appellant filed a motion for reconsideration, averring that this Court's memorandum cited the incorrect date for when his petition for *habeas corpus* was filed. Our own independent review of the record confirmed that the date cited in the memorandum, August 24, 2016, was incorrect, and Appellant's petition was actually filed on March 21, 2016, within 60 days following the ***Montgomery v. Louisiana*** decision. While this error did not affect the ultimate disposition, we nonetheless granted reconsideration to correct the memorandum. For the reasons that follow, Appellant's claim does not entitle him to relief.

that the following timeliness exception applies: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

In *Miller*, the Court held that the application of mandatory sentences of life imprisonment without possibility of parole to individuals who were juveniles at the time they committed homicides was unconstitutional. *Miller*, 567 U.S. at 465. In *Montgomery*, decided in January 2016, the Court determined that *Miller* announced a new substantive rule of law that applies retroactively. *Montgomery*, 136 S. Ct. at 736.

Appellant was not a juvenile at the time of the murder; rather, he was 23 years old. *See* Appellant's Brief at 4 (stating Appellant "was 23 years old at the time of the offense"). Therefore, *Miller* and *Montgomery* are not applicable to Appellant's petition. *See Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (holding that Furgess, who was 19 at the time of the murder could not rely on *Miller* "to bring [himself] within the time-bar exception in Section 9545(b)(1)(iii)"). Furthermore, we find Appellant's attempt to advocate that the holding in *Miller* should be expanded to include individuals like himself is likewise unsuccessful. We have previously addressed and rejected a similar argument regarding the applicability of *Miller*. *See Commonwealth v. Montgomery*, 181 A.3d

359, 366 (Pa. Super. 2018) (*en banc*) ("Appellant's argument attempts to extend **Miller** to those adults whose brains were not fully developed at the time of their offense.  This argument fails, however, because a contention that a newly-recognized constitutional right should be extended to others does not [satisfy the new constitutional rule exception to the PCRA's timeliness requirement.]"). (citation and quotation marks omitted; brackets in original).  **See also Commonwealth v. Lee**, ___ A.3d ___, 2019 WL 986978 (Pa. Super. filed March 1, 2019).[4]

Additionally, Appellant's attempt to couch this claim as one in violation of the equal protection clause is unavailing.  **See Id.** ("Neither the Supreme Court of the United States nor our Supreme Court has held that **Miller** announced a new rule under the Equal Protection Clause. Instead, **Miller** only announced a new rule with respect to the Eighth Amendment. Thus, contrary to Appellant's assertion, his Equal Protection Clause argument is

---

[4] In his motion for reconsideration, Appellant requested this case be held in abeyance pending this Court's decision in **Lee**, which was pending *en banc* at the time Appellant filed his motion. This Court certified **Lee** for *en banc* review to address whether the holding in **Miller** applies only to those who were younger than 18 at the time the offense was committed.  Since the filing of Appellant's motion, this Court filed its opinion in **Lee**, concluding that "age is the sole factor in determining whether **Miller** applies to overcome the PCRA time-bar[.]" **Id.** at *9. Therefore, Lee, who was over the age of 18 at the time of the offense, could not "invoke **Miller** to overcome the PCRA time-bar[.]" **Id.** at *1. Thus, **Lee** reinforces this Court's prior decisions in **Commonwealth v. Montgomery** and **Furgess**, *supra*, that the holding in **Miller** cannot provide relief for non-juvenile offenders such as Appellant.

also an attempt to extend **Miller**'s holding."). Accordingly, the PCRA court properly dismissed Appellant's petition.

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/03/2019