J-S05037-19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| PAUL FORD, | : | |
| | : | |
| Appellant | : | No. 1202 WDA 2018 |

Appeal from the PCRA Order Entered July 13, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002612-1994

BEFORE:    PANELLA, P.J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                    FILED APRIL 25, 2019

Paul Ford (Appellant) appeals pro se from the July 13, 2018 order

dismissing his untimely-filed petition pursuant to the Post Conviction Relief

Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

At docket number 2612-1994, the Commonwealth charged
Appellant with one count each of criminal homicide [] and
criminal conspiracy [] in connection with the fatal shooting of
Maurice Price during a gunpoint robbery. Appellant was 18 years
old when this incident occurred. At the conclusion of trial on
September 21, 1994, a jury found Appellant guilty of second-
degree murder.[1]  That same day, the trial court imposed the
mandatory sentence of life imprisonment without parole.
Following a direct appeal, this Court affirmed Appellant's
judgment of sentence on March 26, 1997 and our Supreme
Court denied further review on December 19, 1997. See
Commonwealth v. Ford, 695 A.2d 436 (Pa. Super. 1997),
appeal denied, 705 A.2d 1305 (Pa. 1997). Thereafter, Appellant
initiated several unsuccessful attempts at attaining collateral
relief in both state and federal court.

_____
[1] The Commonwealth withdrew the conspiracy charge
immediately prior to trial.

*Retired Senior Judge assigned to the Superior Court.

Commonwealth v. Ford, 190 A.3d 695 (Pa. Super. 2018) (unpublished memorandum).

Most recently, Appellant filed pro se a PCRA petition on May 11, 2018. Therein, Appellant asserted that the Commonwealth violated Appellant's due process rights by "withholding valuable impeachment material" regarding a key witness in Appellant's 1994 criminal trial. Pro Se PCRA Petition, 5/11/2018, at 2. Specifically, Appellant averred he recently discovered that this witness, Nikela Carrington, "had mental problems and frequented [a] psychiatric hospital for treatment." Id. On June 22, 2018, the PCRA court filed a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant responded, and the petition was dismissed by order of July 13, 2018. Appellant timely filed a notice of appeal.[1] We review the PCRA court's July 13, 2018 order mindful of the following.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545. "In addition, [t]he PCRA limits the reach of the exceptions by

_____

[1] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

- 2 -

providing that the exceptions must be pled within [60] days[2] of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2)." *Commonwealth v. Geer*, 936 A.2d 1075, 1077 (Pa. Super. 2007) (quotation marks omitted; brackets in original).

It is clear that Appellant's petition is facially untimely; his judgment of sentence became final in 1998. While Appellant concedes his petition is "patently untimely[,]" *see* Appellant's Brief at 8, Appellant alleges his petition was timely filed because it "was filed within 60 days[3] of Appellant becoming aware that the [Commonwealth] suppressed valuable impeachment material pertaining to [Carrington], and that this evidence

---

[2] We are cognizant that Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (December 24, 2018), extending the time for filing from sixty days of the date the claim could have been presented, to one year. The amendment applies to claims arising on December 22, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3. We decline to decide whether Appellant is entitled to the extension of time created by the amendment because, irrespective of which timeliness requirement is applied, for the reasons set forth *infra*, Appellant is not entitled to relief.

[3] Appellant avers he became aware of this exculpatory information on June 9, 2017, while a prior PCRA petition he filed in March 2016 was pending before this Court. Pro Se PCRA petition, 5/11/2018, at 3-4, n.1. In conformity with well-established case law, Appellant filed the instant petition within 60 days following the resolution of his prior PCRA petition. *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (holding that if a "petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first 'date the claim could have been presented.'").

could not have been discovered earlier as it was in exclusive control of the Commonwealth." Id. at 7. As such, Appellant alleges the following timeliness exceptions apply:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S. § 9545(b)(1)(i)-(ii). See also Pro Se PCRA petition, 5/11/2018, at 3; Appellant's Brief at 9. On appeal, Appellant argues the PCRA court erred in dismissing his petition as "frivolous" when the claim raised by Appellant fell within the aforementioned timeliness exceptions. Appellant's Brief at 14.

In response, the Commonwealth asserts Appellant is not entitled to relief because the record reflects that: (1) the information at issue was known to Appellant prior to June 9, 2017; and (2) Appellant raised this issue in a prior PCRA petition before abandoning it on appeal. Commonwealth's Brief at 10-12. Our review of the certified record confirms the foregoing.

On February 25, 2014, Appellant pro se filed a PCRA petition and memorandum of law in support of his petition, wherein Appellant averred that he

> uncovered evidence that the other Commonwealth star witness, [] Carrington had testified in a previous case and admitted that

- 4 -

> she was under psychiatric care multiple times, while also admitting she was a habitual drug user and a liar[.] As this witness [sic] medical records are closed to petitioner, the Commonwealth knew and withheld this vital information from trial counsel, thus again, in violation of the United States Supreme Court holding in [Brady v. Maryland, 373 U.S. 83 (1963)]. Thereby violating [Appellant's] due process [rights] under the Fourteenth Amendment. … Petitioner ask that this [h]onorable court allow[] petitioner to reserve the right to amend his findings as this witness [sic] medical record is not readily available.

Memorandum of Law in Support of [PCRA] Petition, 2/25/2014, at 5. See also Petition to Withdraw as Counsel, 9/30/2014, at 9 (Appellant "also alleges that he has uncovered evidence that another witness, [] Carrington, admitted to being under psychiatric care and a habitual drug user and liar and that the Commonwealth knew and withheld this information at the time of trial and that this is a Constitutional violation under Brady[.]"). Thus, the record contradicts Appellant's averment that he discovered the foregoing information regarding Carrington in June 2017, as it is apparent that Appellant was aware of this information in February 2014. Therefore, because Appellant's petition was untimely filed and he did not file his petition within the requisite 60 days of the date the claim could have been brought, he is not entitled to relief. See Commonwealth v. Williams, 35 A.3d 44, 53 (Pa. Super. 2011) (stating that if a PCRA petition alleges a timeliness exception or the court determines the claim raised within is "entitled to one of the exceptions, but not filed within 60 days of the date that the claim

could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims").

Moreover, Appellant's February 2014 PCRA petition involved and sought to explore, inter alia, the same issue Appellant presents in his current appeal: that the Commonwealth committed a Brady violation by withholding pertinent information regarding Carrington. The fact that this Court has not reviewed this issue because Appellant abandoned this claim by virtue of failing to raise it on appeal when he had the opportunity to do so is of no moment, as claims are considered "waived if the petitioner could have raised it but failed to do so … on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Accordingly, after a thorough review of the record and briefs, we find the PCRA court properly dismissed Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2019