J-S64002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK ANTHONY LOVE | : | |
| | : | |
| Appellant | : | No. 620 WDA 2018 |

Appeal from the Order Entered March 22, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001676-2006

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:              **FILED DECEMBER 12, 2019**

Mark Anthony Love appeals from the March 22, 2018 order[1] dismissing his PCRA petition as lacking in merit.  We affirm based on the untimeliness of the petition.

In January 2008, a jury convicted Appellant of second-degree murder, robbery, criminal trespass, and carrying a firearm without a license, and he was sentenced to life imprisonment.  The convictions stemmed from the January 19, 2006 shooting death of Eric Martin in the playground area of a housing complex in West Mifflin.  Information supplied by two brothers who were perpetrating an armed robbery at the other end of the playground led police to Appellant.  Appellant told police that he intended to rob the victim,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order is dated March 20, 2018, but was entered on the docket on March 22, 2018.

but the victim ran when he drew a .9 mm firearm. Wanting to scare the victim, Appellant fired the weapon in the victim's direction, and the victim fell. Ballistics confirmed that the cartridge case found at the scene was fired from the .9 mm handgun found in Appellant's apartment.

After several reinstatements of Appellant's direct appeal rights, this Court affirmed the convictions, finding that the evidence was sufficient to sustain the verdict and that the verdict was not contrary to the weight of the evidence. *Commonwealth v. Love*, 40 A.3d 189 (Pa.Super. 2011) (unpublished memorandum). Appellant's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on November 8, 2012. *Commonwealth v. Love*, 56 A.3d 397 (Pa. 2012). He did not petition for a writ of *certiorari* to the United States Supreme Court.

On November 13, 2013, Appellant filed a timely *pro se* PCRA petition, counsel was appointed, and counsel filed an amended petition asserting that trial counsel was ineffective for failing to request a 'corrupt source' jury charge regarding the Meggett brothers. Following an evidentiary hearing, the court denied the petition. Appellant appealed, and this Court affirmed. *Commonwealth v. Love*, 159 A.3d 603 (Pa.Super. 2016) (unpublished memorandum). Appellant did not seek allowance of appeal.

The petition that is the subject of the instant appeal was filed on October 3, 2017. The PCRA court issued notice of its intent to dismiss the petition as untimely, to which Appellant did not respond. The court dismissed the petition

on March 22, 2018, Appellant timely appealed, and complied with Pa.R.A.P. 1925(b).[2] Appellant presents two issues for our review:

> [I]. Whether the PCRA Court erred in dismissing Appellant's PCRA petition where his appellate counsel abandoned him and he was just seeking to have his appellate rights reinstated.
>
> [II] Whether Appellant['s] counsel abandoned Appellant after counsel stated that she would file his appeal but failed to do so.

Appellant's brief at 4.

In reviewing the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa.Super. 2017). The PCRA court ruled that the within petition lacked merit. The Commonwealth contends, however, that the petition was untimely filed, and urges us to affirm on that basis. Since the timeliness of the petition implicates our jurisdiction to reach the merits of Appellant's claim, we must address that threshold issue first. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super. 2013).

---

[2] In its Rule 1925(a) opinion, the PCRA court determined that it was "unclear whether [counsel] had notified [Appellant] in a timely fashion of the decision of the Superior Court at No. 929 WDA 2015 denying relief." PCRA Court Opinion, 5/1/19, at unnumbered 2. Since the court had not conducted an evidentiary hearing to address the issue, the court recommended that this Court remand for such a hearing, or in the alternative, reinstate Appellant's appellate rights to the Supreme Court. *Id*. We conclude that Appellant's petition was untimely filed, and hence, the PCRA court lacked jurisdiction to address the merits of the petition or afford relief, and affirm on this alternate basis.

- 3 -

The law is well settled that a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Judgment of sentence becomes final at the conclusion of direct review, or at the expiration of the time for seeking the review. Herein, Appellant's judgment of sentence became final on February 6, 2013, when the ninety-day period expired to seek *certiorari* from the United States Supreme Court. Thus, Appellant had one year from that date, until February 6, 2014, to file a timely PCRA petition. The instant petition filed on October 3, 2017, is facially time-barred.

There are three exceptions to the jurisdictional time-bar set forth in 42 Pa.C.S. §9545(b)(1)(i-iii). In order to invoke an exception, a petitioner must plead and prove one of the following:

(i)     The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

- 4 -

Appellant invoked the timeliness exception for newly-discovered facts in his PCRA petition. He contends that appointed appellate counsel on his prior PCRA petition abandoned him. Appellant maintains that he would have sought allowance of appeal to the Pennsylvania Supreme Court, but that counsel only informed him on July 7, 2017, well beyond the sixty-day period for seeking allowance of appeal, that this Court had denied relief on his appeal on November 30, 2016.[3] Appellant's brief at 13. He cites **Commonwealth v. Touw**, 781 A.2d 1250 (Pa.Super. 2001), for the proposition that he could demonstrate that "but for counsel's failure to consult[,] he would have timely appealed." Appellant's brief at 17. Appellant also avers that he "was firm with [counsel] that he wanted her to appeal this case to the Supreme Court for their review." **Id**. at 16.

The PCRA statute currently provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2), as amended October 24, 2017, eff. in sixty days (expanding the period from sixty days to one year). However, the amendment only applies the longer one-year period to claims that arose after December 24, 2017. By his own admission, Appellant knew

---

[3] The Commonwealth characterizes Appellant's newly-discovered fact as Appellant's knowledge that counsel failed to file a requested appeal, in effect abandoning him. **See Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007).

on July 7, 2017,[4] that his Superior Court appeal had been denied, that counsel had not apprised him of that fact, and that counsel had not filed a petition for allowance of appeal, in effect abandoning him. Thus, the pre-amendment sixty-day period was applicable, and Appellant had until September 7, 2017, to file a timely petition alleging that newly-discovered fact. The instant petition was filed on October 3, 2017, eighty-eight days after the claim could have been presented.

The law is well settled that, prior to the amendment, a petitioner invoking the newly-discovered fact exception to the PCRA one-year time bar was required to present the claim within sixty days of discovering the new fact. *Commonwealth v. Geer*, 936 A.2d 1075, 1078-79 (Pa.Super. 2007). Appellant failed to do so, and thus, he cannot avail himself of the newly-discovered fact timeliness exception. Since we lack jurisdiction to reach the merits of Appellant's claims, we affirm the dismissal of the petition on that basis.

Order affirmed.

---

[4] Appellant may have known prior to July 7, 2017, that his appeal had been denied. In his petition, Appellant averred that he had written to the Superior Court to ascertain the status of his appeal, and was advised by letter dated June 1, 2017, that it had been disposed of seven months earlier. PCRA Petition, 10/3/17, at 4.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2019