J-S21011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CALVIN EDWARDS | |
| Appellant | No. 1820 EDA 2018 |

Appeal from the PCRA Order entered May 9, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0002578-2007

BEFORE:  STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 16, 2019**

Appellant, Calvin Edwards, appeals *pro se* from the May 9, 2018 order entered in the Court of Common Pleas of Philadelphia County dismissing as untimely his second petition for collateral relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The PCRA court provided the following factual background and procedural history:

> On October 20, 2006, [Appellant], as a juvenile, attempted to rape a sixteen-year-old girl at gunpoint.  On October 25, 2006, [Appellant] raped a twenty-one-year-old college student at knifepoint.  On March 14, 2007, [Appellant] entered into a negotiated admission on juvenile charges of attempted rape and entered a guilty plea in front of the Honorable Pamela Dembe on the adult charges of rape, involuntary deviate sexual intercourse, robbery, kidnaping, and possession of an instrument of crime. Sentencing was deferred for a Megan's Law hearing.  On September 14, 2007, [Appellant] was found to be a sexually violent predator and was sentenced to five years['] probation on

the PIC charge and a concurrent fifteen years['] probation on the other bills with the condition that he complete four years of treatment at Benchmark Behavioral Health Systems, a residential treatment center for juvenile sex offenders. On March 20, 2008, [Appellant] filed a notice of appeal to the Superior Court. On October 31, 2008, [Appellant's] appeal was withdrawn and discontinued by defense counsel, Owen W. Larrabee, Esquire.

After two years in the treatment facility, [Appellant] was expelled from the center for his continuously violent sexually abusive behavior. [Judge] Dembe subsequently revoked his probation and on August 19, 2009, Judge Dembe sentenced [Appellant] to 42.5 to 85 years['] state incarceration. [Appellant] filed a post-sentence motion for reconsideration. On September 10, 2009, Judge Dembe vacated the sentence and ordered a hearing on the motion for reconsideration. After a hearing was held, Judge Dembe denied [Appellant's] motion for reconsideration on December 16, 2009 and reinstated [Appellant's] 42.5 to 85 year sentence. [Appellant] filed an appeal to the Superior Court. The Superior Court affirmed judgment of sentence on June 12, 2013. [Appellant] then filed a petition for allowance of appeal in the Pennsylvania Supreme Court which was subsequently denied on November 26, 2013.

On September 22, 2014, [Appellant] filed his first *pro se* PCRA petition. In his petition [Appellant] argued counsel ineffectiveness and that his plea was unlawfully induced. Peter Levin, Esquire, was appointed as PCRA counsel. On July 22, 2016, Mr. Levin filed a letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (1988), stating that the issues raised by [Appellant] in his *pro se* petition were untimely.[1] On September 15, 2016, the Honorable Earl W. Trent dismissed [Appellant's] PCRA petition pursuant to **Finley**.

---

[1] Although Appellant's first PCRA petition was filed within one year of the date his judgment of sentence became final for the sentence imposed on December 16, 2009, Appellant's petition challenged his guilty plea, which resulted in the imposition of sentence on September 14, 2007. That judgment of sentence was final on October 31, 2008, when Appellant discontinued his direct appeal to this Court. Therefore, he had until October 31, 2009 to file his petition and the petition filed on September 22, 2014 was properly dismissed as untimely.

On October 6, 2017 [Appellant] filed the instant PCRA petition alleging counsel ineffectiveness, a guilty plea unlawfully induced and various trial court errors. On December 8, 2017, [Appellant] filed a *pro se* "motion to reconsideration nunc pro tunc first amended petition for post conviction collateral relief." On April 2, 2018, this court sent [Appellant] a 907 Notice, indicating that his petition would be dismissed based upon untimeliness. [Appellant] did not reply to this court's 907 Notice. On May 9, 2018, after independent review of [Appellant's] *pro se* PCRA petition and the Commonwealth's response, this court dismissed [Appellant's] petition without a hearing based upon untimeliness and lack of merit. On June 7, 2018, [Appellant] appealed the dismissal of his PCRA petition to the Superior Court.

PCRA Court Opinion, 9/19/18, at 1-3 (some capitalization omitted).

Our standard of review from the denial of PCRA relief is well settled. "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). With regard to the scope of our review, we are "limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Id.***

In accordance with Pa.C.S.A. § 9545(b), any PCRA petition, including a second or subsequent petition, must be filed within one year of the date the petitioner's judgment became final, unless the petition alleges and the petitioner proves one of three exceptions commonly referred to as governmental interference, newly-discovered facts, or a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). "[A] judgment becomes

final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). "The PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1267-68 (Pa. 2008) (citations omitted).

As the PCRA court noted in its procedural history, the petition at issue in this appeal was filed on October 7, 2017. In the petition, Appellant challenged his 2007 guilty plea and alleged trial court errors, including jurisdictional errors, with respect to his plea and sentence. Because his judgment of sentence with respect to his guilty plea was final on October 31, 2008, when Appellant discontinued his direct appeal, his October 7, 2017 petition was facially untimely and the PCRA court lacked jurisdiction over its merits, if any, unless Appellant pled and proved an exception to the PCRA's one-year time bar.[2, 3]

_____

[2] We note that Appellant focuses his argument on a claimed lack of jurisdiction over his juvenile proceedings in 2007. While a petitioner may pursue PCRA relief for a conviction or sentence stemming from "[a] proceeding in a tribunal without jurisdiction," 42 Pa.C.S.A. § 9543(a)(2)(viii), the petition must nevertheless satisfy the PCRA's timeliness requirements.

[3] The PCRA court also considered whether Appellant's petition would be timely if considered to be challenging effectiveness of counsel from his violation of

As this Court explained in **Commonwealth v. Johnston**, 42 A.3d 1120 (Pa. Super. 2012),

> Petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. **Commonwealth v. Perrin**, [] 947 A.2d 1284 (Pa. Super. 2008); **Commonwealth v. Geer**, [] 936 A.2d 1075, 1078–1079 (Pa. Super. 2007). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Perrin**, 947 A.2d at 1285.

**Id.** at 1126.

We recognize Appellant is proceeding *pro se* before this Court. However, "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted). "Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Id.** We may quash or dismiss an appeal for failure to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **Id.** Pa.R.A.P. 2101.

---

probation (VOP) hearing and subsequent sentencing. PCRA Court Opinion, 9/19/18, at 5 n.1. As the court recognized, Appellant's judgment of sentence in those proceedings was final on February 24, 2014, after our Supreme Court denied his petition for allowance of appeal and the time expired for seeking a writ of certiorari to the United States Supreme Court. Therefore, Appellant would have had until February 24, 2015 to file his petition. The instant petition was filed on October 6, 2017, well over two years after that judgment of sentence became final and, as such, would be untimely as well.

Here, Appellant's brief does not conform to any rules regarding appellate briefs. While that in itself is a basis for quashing the appeal, we shall consider whether we would have jurisdiction to consider its merits, even if the brief were in compliance with the rules. We conclude that we do not.

As explained above, Appellant's PCRA petition was untimely filed. If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted). Appellant's petition, filed on October 6, 2017, is facially untimely. Our review reveals that Appellant did not attempt to plead or prove any of the timeliness exceptions of section 9545(b)(1) in his PCRA petition. Therefore, we lack jurisdiction to address the merits of the appeal. *Abu-Jamal*, 941 A.2d at 1267-68; *Derrickson*, 923 A.2d at 468.[4]

---

[4] Our review of the record revealed that certain notices from the PCRA judge originally assigned to Appellant's petitions were incorrectly addressed to Appellant as "Calvin Williams," albeit with his correct SCI Houtzdale address. *See, e.g.*, Rule 907 Notice, 8/4/16, and Rule 907 Notice, 2/20/18. However, Appellant filed a document styled, "Motion of not receiving any notification," and the Honorable Genece F. Brinkley, to whom the instant matter was reassigned, provided a Rule 907 Notice, properly addressed, on April 2, 2018, followed by the May 9, 2018 Order dismissing the petition, also properly addressed. Importantly, Appellant did not allege any Section 9545(b)(1) exception, including a governmental interference exception, in his second PCRA petition with respect to lack of notice of the disposition of his first petition.

We find the PCRA court's findings are supported by the record and its conclusions are free of legal error. Therefore, we shall not disturb its dismissal of Appellant's second PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/19