J-S05017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD WOODSON | : | |
| | : | |
| Appellant | : | No. 523 EDA 2024 |

Appeal from the PCRA Order Entered January 10, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0112591-1982

BEFORE: BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: FILED MARCH 4, 2025

Ronald Woodson (Appellant) appeals from the order dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In May 1982, a jury convicted Appellant of second-degree murder, robbery, and criminal conspiracy,[1] based on his participation in the robbery and shooting death of the nineteen-year-old victim. In March 1983, the trial court sentenced Appellant to an aggregate term of life in prison. This Court affirmed Appellant's judgment of sentence, *see Commonwealth v. Woodson*, 487 A.2d 441, 337 Pa. Super. 633 (Pa. Super. 1984) (unpublished

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(b), 3701, 903.

memorandum), and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on May 22, 1985.

In August 1985, Appellant filed his first, timely PCRA petition challenging his trial counsel's effectiveness. The PCRA court denied Appellant's PCRA petition. This Court subsequently affirmed the denial of PCRA relief, and the Supreme Court denied allowance of appeal. *See Commonwealth v. Woodson*, 549 A.2d 1344 (Pa. Super. 1988) (unpublished memorandum), *appeal denied*, 557 A.2d 724 (Pa. 1989).

On June 18, 2019, Appellant, *pro se*, filed the instant PCRA petition, his second. Appellant retained counsel, who subsequently filed an amended PCRA petition on Appellant's behalf. Therein, Appellant cited the newly-discovered fact exception to the PCRA's time-bar, arguing 1) new social science establishes the Commonwealth used a peremptory challenge in a discriminatory manner, in violation of *Batson*;[2] 2) Appellant received a mental health evaluation and a new diagnosis, which brings into question Appellant's competency to stand trial;[3] and 3) Appellant is entitled to resentencing under

---

[2] *Batson v. Kentucky*, 476 U.S. 79, 89, 96-98 (1986) (concluding "the Equal Protection Clause forbids [a] prosecutor to challenge potential jurors solely on account of their race[,]" and detailing the burden-shifting framework for evaluating claims that a prosecutor exercised peremptory challenges in a discriminatory manner).

[3] From the record, it is unclear when the proffered mental health evaluation was completed.

*Miller*,[4] despite being an adult at the time of his arrest and conviction. *See* Amended PCRA Petition, 5/5/21, ¶¶ 24-44. On November 29, 2021, Appellant, through counsel, filed a second amended PCRA petition, essentially raising the same three claims. *See* Second Amended PCRA Petition, 11/29/21, ¶¶ 28-61.

Counsel filed a third amended PCRA petition on Appellant's behalf on January 31, 2023. The third amended PCRA petition again raised the same issues, but seemingly emphasized Appellant's intent to invoke the newly-discovered fact exception to the PCRA's timeliness requirement. *See generally* Third Amended PCRA Petition, 1/31/23, ¶¶ 2, 5. Appellant also argued he was prejudiced by cumulative errors, including the ineffectiveness of his trial counsel. *See id.*, ¶ 8.

The PCRA court issued appropriate Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. On January 10, 2024, the PCRA court dismissed Appellant's second PCRA petition. This timely appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.[5]

Appellant raises the following issues for review:

---

[4] *Miller v. Alabama*, 567 U.S. 460, 470 (2012) (holding mandatory sentences of life imprisonment for juveniles violate the Eighth Amendment's prohibition on cruel and unusual punishment).

[5] In his Rule 1925(b) concise statement, Appellant generally raised the same issues he raised in his third amended PCRA petition. *See generally* Rule 1925(b) Concise Statement, 8/20/24.

> 1. Did the court neglect to review and determine if Commonwealth's witness, Kevin Hairston[,] … improperly interfered with [Appellant's] confession, and whether this interference constituted the initial coercion that rendered the purported confession … involuntary and violating [Appellant's] rights under the Fifth and Fourteenth Amendments[?]
>
> 2. Did the trial court err[] by denying the motion to suppress statements made by [Appellant] during his initial encounter with detectives by deeming the statements to be voluntary?
>
> 3. Did the trial court err by denying the motion for a new trial after the jury returned a guilty verdict against [Appellant] after being exposed to inadmissible evidence, followed by evidence identifying a different defendant as the victim's killer, followed by [an] incorrect and misleading prejudic[ial] jury instruction provided by the Commonwealth?
>
> 4. Did the court fail to ensure that the sentence imposed against [Appellant] was properly aligned with the conviction and the evidence which support[ed] said conviction[?]

Appellant's Brief at 5 (unnumbered) (some capitalization modified).[6]

"Our standard of review from the … denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Geer**, 936 A.2d 1075, 1077 (Pa. Super. 2007).

_____

[6] We observe the arguments presented in the argument section of Appellant's brief do not correspond to the questions identified in his statement of questions involved. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued….").

- 4 -

Preliminarily, we must address the timeliness of Appellant's PCRA petition. Under the PCRA, any petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final…." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9544(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of an untimely petition. *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003).

Instantly, Appellant's judgment of sentence became final in August 1985, when the time for seeking discretionary review in the United States Supreme Court expired. *See* U.S. SUP. CT. RULE 13. The instant petition, which Appellant filed nearly four decades later, is therefore facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

In his appellate brief, Appellant generally—and with minimal development[7]—argues 1) the trial court erred in admitting his confession; 2) the trial court failed to apply the *corpus delicti* rule; 3) the evidence presented at trial was insufficient to support Appellant's convictions; and 4) the Commonwealth violated **Batson** by exercising racially biased peremptory challenges during jury selection. **See** Appellant's Brief at 9-12 (unnumbered).

None of Appellant's arguments invoke the timeliness exceptions at 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Indeed, Appellant's brief fails to acknowledge the PCRA's time-bar. **See Commonwealth v. Williamson**, 21 A.3d 236, 241 n.3 (Pa. Super. 2011) ("It is the burden of a petitioner to plead … exceptions to the time bar and that burden necessarily entails an acknowledgement by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply.") (citation and brackets omitted). As Appellant has failed to plead and prove any exception to the PCRA's time-bar, we lack jurisdiction to consider the merits of his claims.[8]

_____

[7] **See** Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); **see also Commonwealth v. McMullen**, 745 A.2d 683, 689 (Pa. Super. 2000) (stating that "[w]hen the appellant fails to adequately develop his argument, meaningful appellate review is not possible." (citation omitted)).

[8] Moreover, the arguments advanced by Appellant are not cognizable claims under the PCRA, nor were they raised in the PCRA court. **See generally** 42 Pa.C.S.A. § 9543(a)(2) (detailing the claims that may be raised under the PCRA); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Based upon the foregoing, we affirm the PCRA court's dismissal of Appellant's second PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/4/2025